CONRAD SEIBEL, Respondent, *v.* FERDINAND SIEMON, Appellant.

### February 19, 1878.

Work was done on mortgaged premises, and a lien therefor filed; A. purchased at the mortgage-sale, subject to liens; the lienor enforced his lien under a law which provides that he may have the building sold under execution to satisfy the lien, and that the purchaser may remove the same within a reasonable time; A. refused to permit the purchaser at the lien-sale to remove the building, which could be removed only in pieces,

but offered to pay him the value of the materials in the building, less the cost of removal. *Held*, that the measure of damages for A.'s refusal to allow the removal was the value of the materials, less the cost of removal, and not the value of the building as it stood.

APPEAL from St. Louis Circuit Court.

*Reversed and remanded.*

SLAYBACK & HAEUSSLER, for appellant: Appellant, being in possession of the premises, committed no trespass. — *McMenamy* v. *Cohick*, 1 Mo. App. 529. Where there is no intentional injury, actual damages only are recoverable. — *Franz* v. *Hilderbrand*, 45 Mo. 121; *Walker* v. *Borland*, 21 Mo. 289; *Robinson* v. *Rupert*, 23 Pa. St. 524; *Perkins* v. *Hackelman*, 26 Miss. 41. The measure of damages in this case was the value of the materials, less the cost of removal. — *O'Donoghue* v. *Corby*, 22 Mo. 394; Sedgw. on Dam. 488; *Delegel* v. *Naylor*, 7 Bing. 460.

EDWARD C. KEHR, for respondent: The value of the ice-house as a building on the premises is the measure of damages. — *Raymonds* v. *Ewing*, 26 Ill. 329; *North Presbyterian Church* v. *Jevne*, 32 Ill. 214; *Whitenack* v. *Noe*, 11 N. J. 321; *Newark L. & C. Co.* v. *Morrison*, 13 N. J. 133; *Smith* v. *Phelps*, 63 Mo. 585; *Russell* v. *Defrance*, 39 Mo. 506–512; Ph. on Liens, 344; *Taber* v. *Jenny*, 1 Sprague, 315; *Rice* v. *Hollenbeck*, 19 Barb. 664; *Walther* v. *Wetmore*, 1 E. D. Smith, 7–78; *Hilborne* v. *Brown*, 12 Me. 162.

BAKEWELL, J., delivered the opinion of the court.

This action is for damages sustained by plaintiff in consequence of the unlawful act of defendant in refusing to allow plaintiff to remove from the premises of defendant a building which plaintiff claims to have purchased under the act regarding mechanic's liens.

The right of action in such a case, and the validity of the lien, judgments, and executions under which plaintiff acquired, seems to be determined in the actions between the same parties, reported in 52 Mo. 363, and 62 Mo. 255.

Objections were made to portions of the evidence. It would be tedious to pass upon these objections in detail, and we think it unnecessary to do so. The appellant purchased under a sale made by the trustee in the deed of trust and the assignee in bankruptcy, acting together under order of the bankrupt court. His deed states that he bought subject to liens, and the liens upon the building under which respondent acquired his title are, by statute, prior in right, though subsequent in time, to the deed of trust existing on the land at the time the building was put up. Wag. Stat. 908, sec. 3. The facts in evidence fully proved the existence of the liens. Whether the premises were over an acre in extent or not, was immaterial, the premises being in St. Louis. *Oster* v. *Rabeneau,* 46 Mo. 595. But, independently of that, the validity of the liens was *res adjudicata.* A judgment in a mechanic's-lien suit cannot be attacked collaterally where the court had jurisdiction. Appellant's title is derived from Eckerle, who executed the deed of trust under which appellant acquired, and from the assignee of Eckerle in bankruptcy, both of whom were parties to the mechanic's-lien suits. There is really only one question in the case, and that is as to the measure of damages. The Circuit Court, in giving judgment for plaintiff, found his damages to be the actual value of the improvements as they stand, and judgment was rendered for plaintiff for $3,773 ; from which defendant appeals.

The plaintiff purchased under execution issued upon a mechanic's lien acquired for work done upon mortgaged premises. The law provides (sec. 3) that " any person enforcing such lien may have such building, erection, or improvement sold under execution, and the purchaser thereof may remove the same within a reasonable time thereafter." He then demanded of defendant possession of the building, which is described as an ice-house, forty-three feet by thirty-four, and twenty-six feet deep, constructed of

stone and brick, with an iron floor. Above ground there is a roof and a few feet of brick wall. The improvement is, in fact, an ice-cellar, used in connection with the beer-caves on the same property. To this demand defendant replied as follows : —

" *Conrad Seibel, Esq.* : —

" Dear Sir, — In answer to your notice and demand of the 13th of September, 1871, in regard to the ice-house on my property which you claim, I shall certainly, and do, refuse any removal, under any circumstances, unless you give me bond and security to put the premises in the same condition that they were in before said ice-house was entered. I would further say, that whilst I do deny that you have any right whatever to said ice-house, or any part thereof, as against me, in order to avoid any litigation, I am willing, as a compromise and to buy my peace, to pay you a fair and reasonable sum to cover any value that the materials in said ice-house might be worth if removed by you, less cost of removal, but no more.

" Ferd. Siemon,

" By Slayback & Haeussler, his Atty's."

" Sept. 14, 1871."

The finding of the court was as follows : —

"Now come the parties, by their respective attorneys, and, waiving a jury, submit this cause to the court upon the pleadings and proofs adduced ; and the court, having duly heard and considered the same, doth find the issues herein joined in favor of plaintiff; and the court further finds from the testimony, that the ice-house was worth on the ground, on Sept. 13, 1871, $2,800, [inclusive of iron floor] but that said building, to remove, was worth only $820, of which $250 is for the house proper, and $570 for the iron floor ; and the court, being of the opinion that the measure of damages to which plaintiff became entitled on defendant's refusal to let him remove the building is the value of the

building as it stood, assesses plaintiff's damages at the sum of $2,800, and interest from Sept. 13, 1871: to wit, three thousand seven hundred and seventy-three dollars."

The value of the ice-house, as a building, was proved to be from $2,800 to $3,400 on Sept. 13, 1871. All the witnesses agree that, if torn down, the value of the materials, except the galvanized iron, would not reach $300, and might not pay expenses of removal.

It is not necessary to set out the instructions given and refused. None were asked by plaintiff. There is nothing showing any claim for punitive damages, and the finding is on the theory of compensation only.

There can be no serious question as to the proposition that plaintiff had a right to remove the building, and that it was impossible to remove it except by piecemeal. It would seem to follow that he acquired no other right by his purchase than that of taking the materials away within a reasonable time. Those materials were worth, when taken down and removed, less than $1,000. . It is difficult to see, therefore, how plaintiff was injured to a greater extent than this, or how he could recover, as compensation, damages to the amount of three times the injury he sustained. In other States, where a similar provision for selling the improvements exists, an equitable remedy is given, by which building and land are sold and the proceeds distributed. This is the case in Illinois, New Jersey, Louisiana, and Mississippi.

It is urged that plaintiff was entitled to a building, and not merely to its ruins, and that there has been here a tortious conversion, not merely of a mass of brick and iron, but of a building. Plaintiff seems to have been really entitled, however, only to what he could get under the laws applicable to the case, and the laws of nature must be taken into account. He was entitled to a building, if there was a building capable of being moved by any means, if he chose to employ those means. But there is no way of moving a stone cellar

without taking it to pieces. To the defendant, therefore, it might be a building; but to the plaintiff it was nothing but a mass of material, worth what it would sell for when removed, less the cost of removal.

It is said that defendant, having elected to keep the building, must pay for it. For all that appears, defendant has no use for the building at all. He cannot help keeping it, because it is on his ground; he does not want to have it removed, because of the hole it will leave, and the damage to his beer-caves underneath. He has professed himself ready, from the first, to pay plaintiff all that plaintiff can make by removing it, and there seems to be no reason why he should be compelled to buy it. Indeed, it does not belong to plaintiff to sell. It belongs to plaintiff merely to remove. Whilst it remains on defendant's premises, he may use it. It might be a serious injury to defendant to have it removed, and so long as he is willing to pay to plaintiff the full value of the materials, and all that plaintiff could possibly make by their sale, we do not see that plaintiff has any right to complain.

The question is one entirely new in this State, and we are referred to no decision elsewhere which can guide us in arriving at a conclusion. Where A. erected a building on the land of B., under a parol license, and B. conveyed to C., and C. wrongfully refused to permit A. to remove the building, it was held that the measure of damages was the value of the building as it stood. 12 Mo. 162. But that was a case of a blacksmith-shop placed upon stone pillars, — a building which could be removed without losing its character as a building, and without injury to the soil. In other cases the proceedings are in equity, under statutes which wisely provide for sale of the whole land, and an equitable distribution of the proceeds between the material-men and the owner of the soil.

The learned judge of the Circuit Court has taken a view of the rights of plaintiff under the statute, with which we

cannot agree. We do not see how, under the physical circumstances of this case, his right of removal gave plaintiff a right to a cellar which cannot be removed without ceasing to be a building of any kind, or how his damages can be greater than his money loss. The judgment is reversed and the cause remanded. All the judges concur.

BAKEWELL, J., delivered the opinion of the court on a motion for a rehearing.

The authorities referred to by counsel in his brief in support of this motion have been referred to, but throw no further light upon the question. We are not asked to determine the equities of these parties in a proceeding to foreclose a mortgage ; nor do we deny that if defendant in possession had a right to remove the improvements under the mechanic's-lien law, the payment of their value should be made a condition precedent to a recovery in ejectment. The question before us is, What, where one, at a sale under a mechanic's lien, has purchased a building on another man's land, with the right to remove the same, is the measure of his damages if his right to remove is denied under circumstances which put out of question any thing but purely compensatory damages? How much is he damaged? The cost of the building? Clearly not ; because its value may have appreciated or depreciated since it was put up. The actual value of the building as it stands? We think not ; because he is not entitled to the building as it stands. What would he make by removing the building? The answer must be the value of the building when removed, less the cost of removal. This, it appears, defendant professed himself at all times willing to pay.

It is urged that our construction of the mechanic's-lien law puts a premium upon a violation of the law. It may be said with equal truth that the construction contended for by appellant would lead to a wanton and useless destruction of property, since the purchaser of real estate subject to

the right of purchaser at a sale under a mechanic's lien to remove, would, in all cases like the present, consent to the absolute destruction of the property by removal, rather than pay for an improvement, which he does not want, a sum in excess of its actual value to him.   Either view of the law seems to present practical difficulties, which are matters for consideration, perhaps, by the Legislature, but which do not seem at all decisive of the question of the measure of damages.   Every case of tort is a case involving some violation of law.   There is no action for the detention of property which does not proceed on the theory of a wrong, and a violation of law on the part of the defendant; but, where there is no question of fraud, malice, or oppression, the actual injury is the measure of damages.

We are asked to render final judgment in the case for the amount stated by the court below in its finding to be the value of the building to remove.   As to this matter there was a conflict of evidence; and, as the court below found for the plaintiff, not the value of the building to remove, but the value of the building as it stood, we are not authorized to enter judgment here for the smaller sum, even if, as counsel for appellant suggests, the object of the court below in stating the value of the materials was to provide against a reversal of the case.   There could be no such thing as an alternative finding.   In our view of the law, the actual finding is excessive; and, as the facts are not before us in such a manner as to authorize us to find the actual damage to plaintiff on the view of the law declared by us to be correct, the remanding of the cause upon reversal was a matter of course.

The application for a rehearing is denied.   All the judges concur.