CHARLES MILLER, Trustee of the Rohan Brothers Boiler Manufacturing Company, Respondent, v. MICHAEL E. HERBERT *et al.*, Defendants, JACOB KLEIN and JOHN K. TIFFANY, Trustees of the Heirs of Mary K. Knox, Appellants.

St. Louis Court of Appeals, May 21, 1895.

1. **Mechanics' Liens**: ENTIRETY OF ACCOUNT. A mechanic's lien account for work done on separate orders from time to time, as the occasion arose, can only be treated as a single demand on proof of the continuity of the account; and, to the establishment thereof, it must be shown by substantial evidence that the work was done under a general employment so as to form an entire whole, and that the parties contemplated that it should form but one and not distinct matters of settlement.

2. ————: NECESSITY FOR JUST AND TRUE ACCOUNT. It is essential to the validity of a mechanic's lien that the account filed therefor should be a just and true account within the purview of the statute.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL D. FISHER, Judge.

REVERSED IN PART AND AFFIRMED IN PART.

*Fisse & Kortjohn* for appellants.

*Rowell & Ferriss* and *J. H. Zumbalen* for respondent.

BIGGS, J.—In 1892 the defendant Herbert entered into a contract with the appellants, Klein and Tiffany, trustees of the heirs of Mary K. Knox, to construct a boiler plant in what is known as the "Grand Leader Building," situated on North Broadway, in the city of St. Louis. The plant consisted of boilers, engines, pumps, heaters, etc. The contract between the parties contained the following provision, to wit: "It is

hereby further agreed that the said Herbert shall, at any time within six months after the completion of said work, and without charge or claim of compensation therefor, at the request of said trustees, make and fully complete any and all repairs and fully compensate and indemnify said trustees for any and all damages that shall or may occur to said building and the machinery therein, when such repairs or damage are called for or occasioned by reason of any defect or fault in the workmanship or materials supplied thereunder.'' Herbert entered into a written contract with the Rohan Brothers Boiler Manufacturing Company, hereinafter designated as the Manufacturing Company, to furnish the boilers and block them up in place. The Manufacturing Company completed and was paid for that work. In addition to that, it claims that, under a general employment by Herbert, it assisted in completing the plant, and in doing so it performed other work and furnished other materials for which it has not been paid. This claim embraces work done prior to, and within six months after, the final completion and acceptance of the plant. The subsequent work was for repairs and for remedying defects in the machinery. Herbert having failed to pay, the Manufacturing Company filed a mechanic's lien against the property. The lien was filed on the twenty-eighth day of August, 1893, and the last work was alleged to have been done on the fourth day of May, 1893. An alleged balance of $953.20 was claimed to be due. The present action is against Herbert on the account, and to enforce the mechanic's lien against the property. Herbert denied liability. Klein and Tiffany resisted the enforcement of the lien upon several grounds: *First*, that the work alleged to have been done was not within the terms of any contract between Herbert and them; *second*, that the work was not done upon the

order of Herbert, especially the items between the months of January and May; *third*, that the work was not performed under one general employment, but intermittently; that is, each item was upon a separate order and, of itself, formed an independent transaction. *fourth*, that the lien was not filed within four months after the last work was done; *fifth*, that the lien account as filed is not a just and true account, such as the statute requires to be made in order to authorize a judgment for its enforcement. A jury having been waived, a judgment was rendered against the defendant Herbert for $624.95 and a lien allowed against the building for $566.45. From so much of the judgment as established a lien against the premises, Klein and Tiffany have appealed.

The complaint on this appeal is that the finding and judgment are not authorized by the evidence. The various defenses were submitted by instructions, to which no objection is urged, except the general one that all of the evidence tended to sustain the several defenses interposed.

It is conceded that Herbert agreed, for a stipulated sum, to construct the plant. He also agreed to keep it in repair for six months after its completion and acceptance. It is also conceded that the Manufacturing Company had the contract with Herbert to furnish the boilers, for which work it was paid. Rohan, the manager of the Manufacturing Company, testified in substance that, after his company had completed the boilers and put them in place, it was employed by the agent of Herbert to assist in the completion of the entire job; that, in pursuance of the last employment, it performed work and furnished materials for the plant until its completion, to wit, November fifth; that, afterwards, the machinery proved defective and repairs had to be made from time to time during the

next succeeding six months; that the Manufacturing Company, under the previous employment, assisted in making the repairs, and that the last work done by it was on the fourth of May, 1893. The entire work, both before and after the completion of the plant, is set forth in the lien account.

The evidence of plaintiff leaves no doubt that the work embraced in the lien account was done from time to time on separate orders as the occasion for the work arose, and, therefore, in order to establish the continuity of the account, which must be done in order to uphold the judgment enforcing the lien, except as to the last item, there must have been substantial evidence that the work was done under a general employment so as to form an entire whole, and that the parties contemplated it should form but one and not distinct matters of settlement. *Bruns v. Braun*, 35 Mo. App. 337.

The only testimony relied on by the plaintiff to establish the continuity of the account is that of Rohan. Although his evidence as given at the trial is subject to criticism and can not well stand a strict analysis, yet, if it was unimpeached by his own acts, the inference would be admissible therefrom that the entire work was done under one general employment, and that the whole was to form but one matter of settlement. But we find in the record the following letter which Rohan admits that he wrote and mailed to Herbert on the twenty-third day of January, 1893, and which the plaintiff read in evidence, to wit:

"DEAR SIR: We would like to call your attention to enclosed statement, and hope you will send us check for same by return mail. Besides *being long overdue*, we are also anxious to close our books for the old year. If you can't send check, let us know your intentions in the matter, so that we may be able to protect our interests."

The statement referred to embraced all items in the lien account up to and including that of January 17. The statements made by Rohan in this letter are entirely at war with the case attempted to be made by his testimony on the trial, and they completely negative the inference, which otherwise might have been drawn from his testimony, that the employment of the Manufacturing Company was general and was to continue so long as Herbert was required under his contract to keep the plant in repair, and that the entire work was to form but one matter of settlement. Under this view we must hold that the judgment enforcing the lien as to the items of the account up to January 17 is unsupported by the evidence. The subsequent items are for repairs, which Rohan says were done by his company under the directions of the agent of Herbert. It is conceded that the work was done under separate orders, and, under the above view taken by us, they must, in the absence of a special agreement, be treated as independent and distinct transactions. As the lien paper was not filed within four months after the performance of any portion of this work, except the last item, the judgment enforcing the lien therefor must likewise be set aside.

The contention, that the evidence fails to show that the lien was filed within four months after the last work was done, is untenable. The lien was filed on the twenty-eighth day of August, and the last item in the account is of date of May 4, and is for repairs on boiler. Thomas Bolin, an employee of the Manufacturing Company, testified that he worked fifteen hours in repairing the boiler in May—the exact time he does not state— and that on the next day he handed the time to James Rohan, the manager of the company. Rohan testified that the last work was done by Bolin; that it was done about the first of May; that the men generally handed

Miller v. Herbert.

in their time as soon as a job was completed; that it was his custom to make the entries in the books without delay, and that the item under date of May 4, as entered in the books, represented the work done by Bolin. From this evidence the circuit court was justified in finding that the last work was done subsequently to April 28, which was sufficient to sustain the validity of the lien as to that item.

But my associates are of the opinion that there is no substantial evidence that the work done from January to May was performed under orders from Herbert; that the claim made by Rohan that he received orders for the work from an agent of Herbert, who was in charge of the plant, can not be true for the reason that the other evidence conclusively shows that Herbert lived in Chicago and that he was not represented in St. Louis by any one after December, 1892. And they are of the further opinion that the lien account as filed is not a just and true account, such as the statute contemplates. Hence, the judgment as to the last item is likewise erroneous.

It follows that the judgment of the circuit court enforcing the mechanic's lien must be reversed. The judgment against Herbert for the debt will be affirmed. All concur.