HAYDEN SLATE COMPANY, Appellant, v. WILLIAM M. ANDERSON et al., Defendants; CONGREGATION SHAARE EMETH, Respondent.

### St. Louis Court of Appeals, October 18, 1898.

1. **Mechanics' Lien:** TIME OF FILING: CONFLICT OF EVIDENCE: FINDING OF JURY. An order for the unpaid balance given by one upon the demand of the other is evidentiary that the two parties to the contract deemed it so far complete that the price of the work was payable and where the legal effect of the entire evidence does not exclude the view that the indebtedness had accrued more than four months before the institution of the suit the verdict of the jury can not be challenged as opposed to the admitted facts.

2. **Same:** INSTRUCTION. An instruction to the effect that plaintiff was only entitled to count the August work as a part of its contract, provided such work was rendered necessary "by some defect resulting from plaintiff's previous work" was held correct.

*Appeal from the St. Louis City Circuit Court.*—HON. SELDEN P. SPENCER, Judge.

AFFIRMED.

SENECA N. TAYLOR, CHARLES ERD and SENECA C. TAYLOR for appellant.

The statute should be liberally construed to uphold the lien, and all unfriendly strictness and technicality avoided. Putnam v. Ross, 46 Mo. 338; Oster v.

Rabaneau, 46 Mo. 595; Dewitt v. Smith, 63 Mo. 263; Morgan v. R. R., 76 Mo. 172; Ransom v. Sheehan, 78 Mo. 673. No sub-contractor can enforce a mechanics lien without filing an itemized account of his demand. It is insufficient to describe the work as a certain class of work as described in the contract; the items must be stated. McWilliams v. Allen, 45 Mo. 573; Graves v. Pierce, 53 Mo. 428; Coe v. Ritter, 86 Mo. 286; Rude v. Mitchell, 97 Mo. 272; Dooley v. Barker, 2 Mo. App. 327; Lowis v. Cutter, 6 Mo. App. 656; Rothlisberger & Gerber v. Caspari, 12 Mo. App. 515. Any material or labor, though of little value, included in the lien account of a sub-contractor, and used in the construction of the building, within four months of the filing of the lien, carries the account forward and rescues it from the statute of limitations, where, as in the case at bar, it was furnished with the approval of the original contractor, and on demand of the owner, and with the understanding that the sub-contractor should furnish it to complete its contract. Bruce v. Berg, 8 Mo. App. 204; Cole v. Barren, 8 Mo. App. 514; Miller v. Whitelaw, 28 Mo. App. 639; Schulenberg & Boeckler Lumber Co. v. Strimple, 33 Mo. App. 160; Corlee v. Clark, 14 Ind. App. 505; Parish v. Hazard, 83 Pa. St. 112; Warthen v. Cleveland, 129 Mass. 570. The case at bar is not to be confounded with that class of cases where the building was entirely completed and accepted by the owner as completed, and where, without the owner's knowledge or consent, small items were thereafter furnished by the sub-contractor. Scott v. Cook, 8 Mo. App. 196; Bruce v. Berg, 8 Mo. App. 206. Nor is it to be confounded with that class of cases where the building was entirely completed by the contractor and accepted by the owner as complete and where, by the caprice of the contractor, without the knowledge or consent of the owner, replaced certain destroyed items

for which he made no charge and which were not included in his lien account. Drey v. Ridpath, 60 Mo. App. 138.

FISSE & KORTJOHN for respondent.

The sub-contractor must file his lien within four months after his account accrues; that is to say, within four months after he has completely performed the contract between himself and the principal contractor. Drey & Kahn v. Ridpath, 60 Mo. App. 134.

BOND, J.—Anderson Brothers were the general contractors for the erection of a church building for their codefendants, the Congregation Shaare Emeth. Plaintiff was the sub-contractor for slating the roof of the building at the price of $3,267. Anderson Brothers stipulated with their codefendants that the church should be made water tight and guaranteed it against leakage for two years. Plaintiff agreed to do the work sub-let to it, "according to the plans and slate specifications" prepared by certain architects, and in this manner completed its work, upon the roof as it was furnished to be covered, in October, 1896. The building was delivered over for occupancy in January, 1897. About that time the architects notified plaintiff that the roof leaked and requested a report as to the cause. The evidence tended to show that the cause of the leak was ascertained to be a want of sufficient pitch in the roof to enable it to carry off the water; that it was not attributable to the work or material furnished by plaintiff. In April, 1897, plaintiff demanded of the general contractors $326.70, balance due it for the work in question. The general contractors thereupon wrote out an order for that sum in plaintiff's favor upon the Congregation Shaare Emeth, who declined to pay it on the ground that the general contractors had

not complied with the stipulation of their building contract, which guaranteed the roof against leakage. Thereupon plaintiff returned the order to the general contractors, with a written indorsement thereon, that unless the money was paid, a lien would be filed. In August, 1897, the general contractors removed the slating from a portion of the roof near the tower or dome and so changed the roof at that point as to give it a higher pitch. Thereafter plaintiff replaced the slating, making no extra charge for so doing, but in September, 1897, instituted a mechanics' lien suit for the aforesaid balance demanded of the general contractors in the preceding April. It was conceded on the trial that plaintiff did no work upon the building after October, 1896, except that performed in August as above stated. The case was begun before a justice and appealed to the circuit court, where a verdict and judgment against the lien were rendered, from which plaintiff appealed to this court.

It was conceded on the trial that the only question in the case was whether or not the lien was filed within four months after the indebtedness accrued. Issue. Revised Statutes 1889, section 6709. That issue was presented to the jury, hence their verdict against the plaintiff, on whom the burden of proof rested, is conclusive, unless it is opposed to the admitted facts or was the result of legal error in the instructions.

When the indebtedness accrued depends upon the relationship of the parties and the facts in evidence. Plaintiff had no contract with the owner of the building, nor were they under any personal liability to it.

Plaintiff's only contract was with the general contractors, and under the terms of that agreement plaintiff's only duty was to cover the roof which the general contractors should furnish for that purpose—with the

pitch or incline of the roof—plaintiff had no concern whatever. Its only obligation was to use certain material, prescribed in the plans and specifications in a workmanlike manner. As plaintiff's contract had this extent only and was solely with the general contractors (Anderson Brothers), it is clear that these two contracting parties could determine when the indebtedness under it arose, and that the order for the unpaid balance given by one upon the demand of the other, is evidentiary that the two parties to the contract deemed it so far complete that the price of the work was payable. The inference of accrual of the account arising from this conduct between the parties, was strengthened by the testimony tending to show that plaintiff's work was free from criticism as to the method and material used. As it was further conceded that the last work, prior to August, was done in October, 1896, the jury had a right to infer the completion of the work at the latter date, and the probative force of such evidence was not destroyed by the testimony showing that a changed roof was reslated in August. For if it be granted that the latter fact affords a legitimate inference that plaintiff's contract was theretofore incomplete, still the jury was at liberty to discard this deduction in favor of the one arising from the other evidence of a contrary tendency, and might well have justified their preference for the latter by the consideration that the August work was done by the general contractors so as to be entitled to the money due them under their contract, and that the reslating put upon the altered roof by plaintiff was done to facilitate the collection of the balance due it from the general contractors. Such a view of the motive of plaintiff is sustained by the evidence tending to show that it made no extra charge for the August work.

It follows from what has been said that the legal effect of the entire evidence does not exclude the view that the indebtedness for which plaintiff claimed a mechanics' lien had accrued more than four months before the institution of the present suit. The verdict of the jury can not therefore be challenged as opposed to the admitted facts. In fact, it seems to us to accord with the weight of the evidence.

The next inquiry relates to the correctness of the instruction submitting that issue to the jury. The principal objection made by the learned counsel is to the language of the court, to the effect that plaintiff was only entitled to count the August work as a part of its contract, provided such work was rendered necessary "by some defects resulting from the plaintiff's previous work." There was no error in this declaration. Unquestionably plaintiff would not have a right to make unnecessary repairs to its own work. This was clearly decided by this court in its approval

INSTRUCTION. of an instruction containing a similar proviso as to the right of a party to replace lights or panes of glass, the instruction stating that such replacement would not be contract work, unless "on account of inherent defects, or imperfect putting in, or fault on part of plaintiffs." Under the doctrine stated in that case the instruction under review is not subject to the criticism made by appellant. Drey v. Ridpath, 60 Mo. App. loc. cit. 138.

Finding no reversible error in the record, the judgment is affirmed. All concur.