## DARLINGTON LUMBER COMPANY, Respondent, v. HARRIS, Appellant.

St. Louis Court of Appeals, April 26, 1904.

1. **MECHANIC'S LIEN: Evidence.** In an action by a materialman to enforce a mechanic's lien for lumber furnished, where the evidence showed the lumber was loaded in plaintiff's yard to be taken to the defendant's lot, with a dray ticket for every load, receipted by the original contractor, who swore that he knew most of the lumber itemized in the account was used in the work, and, to the best of his knowledge and belief, all of it was, such evidence was a sufficient showing that the lumber was used in the defendant's house to justify a lien.

2. ———: **Lot of Ground.** Where the premises on which the lien was asked, was a platted lot in an incorporated city and definitely described, it was immaterial that it contained slightly more than an acre.

3. ———: **Separate Contracts: Limitations.** Where there are separate contracts between the building contractor and the owner for the performance of different jobs on the same building, a lien account filed by the contractor will not be good for the entire work unless it be filed within the statutory period after the completion of the work under each contract.

4. ———: ———: ———. But where the original contractor, after the house was nearly completed, made a new agreement with the owner for extra work, the materialman who furnished the lumber for both jobs to the original contractor, in a continuous running account, in ignorance of the fact that the original contractor had a separate contract for the extras, could enforce his lien filed within four months after the last item of the account.

5. ———: ———: ———: **Notice.** An interval from October 25th, when the last item was furnished for the original plan, to December 10th, when the lumber for extras was delivered, was too short to affect the materialman with notice that there was a separate contract for extras.

6. ———: **Waiver.** Where the original contractor gave the materialman a note on his general indebtedness, with the understanding that the note should be held until the contractor could collect money to make payment of his account, but the note was not accepted as payment and was produced for cancellation at the trial of the action to enforce the materialman's lien, the latter's lien was not waived.

Appeal from St. Louis Circuit Court.—*Hon. J. W. Mc-Elhinney*, Judge.

AFFIRMED.

*Bernard Greensfelder* for appellant.

There is no substantial evidence showing that the lumber was actually delivered to the house or used in its construction. Lumber Co. v. Cravens, 54 Mo. App. 216. To entitle a materialman to a lien, who has furnished a contractor for a building, for the value of such

material, it is as essential that he file his lien account
within four months from the accruing of the account, as
it is to prove that he furnished the material, and that
it went into the construction of the building.  Coal Co.
v. Ryan, 48 Mo. App. 512; Manufacturing Co. v. Buner
& Co., 59 Mo. App. 391; Darlington v. Ellridge, 88 Mo.
App. 525.  Though the lot described lies in a city, plain-
tiff is not entitled to a lien upon more than one acre of
ground.  Having failed to describe this acre out of the
larger tract, and having failed to measure off this acre
before the trial, the lien is defective and no judgment
can be rendered thereon.  Oster v. Rabeneau, 46 Mo.
595; Mayer v. Murphy, 93 Mo. App. 37.  If several items
are furnished under one contract, the lien may be filed
within the time limited after the date of the last item;
but if the materials are furnished under different dis-
tinct contracts, the lien must be filed under each con-
tract within the time limited.  Livermore. v. Wright, 33
Mo. 31; Schulenberg v. Vrooman, 7 Mo. App. 133;
Scott v. Cook, 8 Mo. App. 193; Page v. Bettes, 17 Mo.
App. 366; Pullis v. Hoffman, 28 Mo. App. 666; Kearney
v. Wurdeman, 33 Mo. App. 447; Miller v. Herbert, 62
Mo. App. 682; Slate Company v. Anderson, 76 Mo. App.
281; Spencer v. Barrett, 35 N. Y. 94; Lane-Bordley Co.
v. Jones, 79 Ala. 156; Haensel v. Johnson, 94 Md. 736.
Where labor or materials are furnished under different
distinct contracts, as where they were furnished under
separate and independent orders, or where such space
of time intervenes between the different items of account
as to raise the presumption that the work had once
ceased, the lien must be filed within the prescribed time
from the last item under each contract, or the last item
before the interruption.  20 Am. and Eng. Ency. Law
(2 Ed.), 402; Gauss v. Hussman, 22 Mo. App. 115;
Pullis v. Hoffman, 28 Mo. App. 673; Kern v. Pfaff, 44
Mo. App. 29; Buchanan v. Selden, 43 Neb. 559; Hauser

v. Kinney, 46 Neb. 207; Nye & Schneider Co. v. Berger, 73 N. W. 274.

*George D. Reynolds, Henry A. Baker* and *George V. Reynolds* for respondent.

Extras ordered and furnished are not subject to separate liens. Page v. Belter, 17 Mo. App. 366; Livermore v. Wright, 33 Mo. 31; Fulton Iron Works v. North C., C. M. & S., 80 Mo. 265; Lumber Co. v. Myers, 87 Mo. App. 671. The lot was in a city. The "acre" rule does not apply. Oster v. Rabeneau, 46 Mo. 599; Fitzgerald v. Thomas, 61 Mo. 500; Davitt v. Smith, 63 Mo. 266; Bradish v. James, 83 Mo. 317; Seibel v. Simeon, 5 Mo. App. 305; Holland v. McCarty, 24 Mo. App. 82; Miller v. Hoffman, 26 Mo. App. 204; Rall Bros. v. McCrary, 45 Mo. App. 369; Othenin v. Brown, 66 Mo. App. 320; Hooven Co. v. Fetherstone, 111 Fed. 89; R. S. 1899, sec. 4203.

GOODE, J.—Action to enforce a lien for materials. E. P. Taylor agreed as original contractor to build a residence for Berney Harris in the city of Webster Groves. The lumber for the house was purchased by Taylor from the Darlington Lumber Company, but most of it was never paid for; so the lumber company filed a lien against the property, brought this action to enforce it and obtained judgment for $645.56.

One point made against the judgment is that the evidence was insufficient to prove the different articles of lumber listed in the lien were used in the construction of the house. It was shown wagons were loaded at the respondent's yard with lumber to be taken to Harris' lot in Webster Groves, a dray ticket for every load was made and was receipted by Taylor, or one of the men who were working on the house when the load was delivered in Webster Groves. Taylor swore he was about the house a great deal, but not constantly, while it was under construction; that he knew most of the

lumber itemized in the lien account was used in the work and to the best of his knowledge and belief all of it was. It is impossible, in cases of this kind, to prove, as the appellant thinks ought to be done, that someone saw every stick of the lumber put into the house. If such rigid proof was required, few liens could be enforced. As to the return of a little of the lumber, that was shown and that credit was given on appellant's books for it. The evidence that the lumber went into appellant's house is definite enough to justify a lien.

We overrule the objection that the lien account described more than an acre of ground. The premises on which the lien is prayed are definitely described and the lot contains slightly more than an acre. This is immaterial. The lien is asked on a platted lot in an incorporated city and not on country property. Fitzgerald v. Thomas, 61 Mo. 499; Davitt v. Smith, 63 Mo. 266; Seibel v. Siemon, 5 Mo. App. 305; Holland v. McCarty, 24 Mo. App. 83; Miller v. Hoffman, 26 Mo. App. 199.

Another contention of the appellant is that the four months within which the lien could be filed for most of the material had expired prior to the filing of same. The basis of this contention is that all the lumber for the house as originally contracted for, was delivered by the respondent between July 14 and October 25, 1902. The lien was filed April 9, 1903; and more than four months after the date of the last item furnished for building the house according to the contract and specifications. Other material which went into the construction of the building was sold and delivered December 10, 1902, and within four months of the filing of the lien; but appellant contends this material was furnished under a new and distinct contract for extra work. Just what the original contract contained and whether it had any provision for changes in the building and extra work, we are not advised; because if the contract was introduced in evidence,

it · was left out of the record. It appears Taylor submitted a list of the lumber and material he thought he would need for the house to the respondent before he began work and it was estimated the cost of the lumber to be used in the house would run to $769. It did not reach that sum, but only $753. Taylor testified that when the house was nearly completed Harris wanted certain extra work done, namely; a room finished in the attic, coal bins constructed in the cellar, and some dormer windows built. Taylor made Harris a bid of $45 for those items, which was accepted and the material furnished December 10, went into them. For this reason appellant's counsel insists the lien was only good for the material sold December 10 for the extra work and that furnishing material on that date did not extend the time for filing the lien for the lumber sold and delivered up to October 25 under the original contract. It is the law that where there are separate contracts between a building contractor and an owner for the performance of different jobs, in order for a lien account filed by the contractor, to be good for the entire work, it must be filed within the statutory period after the completion of the work under each contract. Livermore v. Wright, 33 Mo. 31; Schulenberg v. Vrooman, 7 Mo. App. 133; Scott v. Cook, 8 Mo. App. 193; Page v. Betts, 17 Mo. App. 366; Pullis v. Hoffman, 28 Mo. App. 666; Kearney v. Wurdeman, 33 Mo. App. 447; Miller v. Herbert, 62 Mo. App. 682; Slate Co. v. Anderson, 76 Mo. App. 281. Most of the cases in which that rule was applied to defeat a lien action, were instituted by original contractors who had done work or furnished materials under separate contracts, but sought to obtain a lien for everything after the time limit for filing on the earlier contract had expired, by claiming the limitation only began to run from the close of the account under the later contract. Two or three of the actions were instituted by subcontractors and when those parties were denied

liens, it appeared in evidence that the work or material relied on to bring the date of filing within the statutory period, was not originally contemplated in the arrangement between the original and the subcontractor, but was furnished under a distinct contract between those parties subsequent to the termination of their prior dealings.

In Scott v. Cook, 8 Mo. App. 193, the building was to be finished on November first and was accepted as completed on October 29. The subcontractor who had done the painting and glazing of the house and had completed that work, put in and painted some weatherstrips December 6 by direction of the original contractor. That subcontractor was denied a lien for the work done under the first contract as having been filed out of time, because of the completion of the original contract and the acceptance of the house; as to which matters he was as fully advised as the original contractor himself. Like facts appear in Hayden Slate Co. v. Anderson, 76 Mo. App. 281. That plaintiff had slated the roof of a house under a subcontract with Anderson Brothers, the original contractors to build the house, and had accepted an order on the owner in full payment for the job, but the owner refused to honor it. The entire work was finished in October, 1896, but some repairs had to be made on the roof in August, 1897, and those repairs were relied on by the slate company to keep alive their lien for all the work they had done. It was ruled that the jury were justified in finding the work had been completed the preceding October and the building delivered to the owner in January, 1897; which facts the slate company knew. In Miller v. Herbert, 62 Mo. App. 682, the Rohan Boiler Company did work and furnished material in the construction of a building for Herbert, the contractor, and filed a lien for a balance covering some work done more than six months before the final completion and acceptance of the plant. It was conceded this extra work was

done from time to time under separate orders and separate contracts. It was therefore held that they must be treated as independent transactions and as the lien was not filed within four months after the performance of any of the work except the last item, it could not be enforced for any other. The work the boiler company was actually hired to do under the original contract was to put in boilers, and this had been done and settled for long before they did the other work.

In the present case the Darlington Lumber Company and Taylor agreed to the estimate of the lumber to be used in Harris' building. Considerable extra lumber was furnished all along under the original contract, and the undisputed testimony is that when the lumber was ordered for the extra work, for which Taylor had made a separate bid, the respondent company made no fresh arrangement with him and knew nothing about there being a fresh contract between Taylor and Harris, or that they were furnishing material for a job to be done under a distinct contract. This material was charged on a running account with Taylor which had been continuous from the time he began to build Harris' house. These facts bring the case within the orbit of decisions holding that when materials are furnished for the same improvement, in installments and at intervals, but the parties intend them to be included in one account and settlement, the entire account will be treated as a continuous and connected transaction and the lien limitation will begin to run from the last item of it. Page v. Bettes, 17 Mo. App. 375; Pullis v. Hoffman, 28 Mo. App. 666; Bruns v. Braun, 35 Id. 337; Lumber Co. v. Planing Co., 87 Id. 671. The essence of this matter is that one rounded and completed transaction for which a lien will lie, will not be seized by the law as a means to resuscitate a defunct lien pertaining to an entirely distinct transaction. Practically no showing was made that the respondent furnished the lumber for the extra

work under a distinct arrangement with Taylor; but every fact tended to show it was furnished, as was all the lumber, pursuant to the original contract. No hypothetical declaration of law was asked embodying the evidence on which appellant relies to establish his theory that it was furnished under a new agreement, and we have no excuse to overturn the lower court's finding on the facts. This cause is, as to the point in hand, like Heltzell v. Railroad, 20 Mo. App. 435; same parties, 77 Mo. 315. In those cases it was ruled the validity of the liens depended on a finding that the different installments of material were furnished by the subcontractor under one continuous arrangement with the original contractor, instead of separate ones. The present respondent was ignorant of the separate bid by Taylor for the extras, supposed the material was for the house as originally planned, and its construction according to said plan was still in progress. The interval between October 25, when the last item was furnished for the completion of the original plan, and December 10, when the lumber for the extras was sold, was too short to affect respondent with constructive notice of Taylor's new arrangement with Harris or to raise the presumption that respondent sold the last item under a separate agreement. In support of this proposition we refer to Fulton Iron Works v. Smelting Co., 80 Mo. 265, in which the period from September 16, 1878 to April 23, 1879, intervened, but the lien was allowed. See, too, Coal Co. v. Steamboat, 36 Mo. 446 and Boylan v. Steamboat, 40 Mo. 244, in which an interval of six months between the last items of the lien accounts and the preceding items was declared not sufficient to defeat the liens. Respondent's bookkeeper swore the item of December 10 was sold under the original agreement with Taylor, and that none other was ever made. That testimony made the case identical in principle with Fulton Iron Works v. Smelting Co., supra.

Sometime after all the material had been purchased, Taylor gave respondent a note for $1,000 on his general indebtedness with the understanding that it should hold the note until Taylor could collect some money and make a payment of his account, when the note should be surrendered to him. He made no payment. Under these circumstances the respondent's right to a lien was not waived by taking the note. It was not accepted as payment of the account and was produced for cancellation at the trial of this cause. Land Co. v. Planing Co., 59 Mo. App. 661.

Judgment affirmed. *Bland, P. J.,* and *Reyburn, J.,* concur.