The judgment must be affirmed, and it is so ordered. *Reynolds, P. J.,* and *Nortoni, J.,* concur.

---

## ST. LOUIS FIRE DOOR AND SHEET METAL WORKS, Respondent, v. VIVIANO et al., Appellants.

St. Louis Court of Appeals, April 4, 1916.

1. **MECHANICS' LIENS: Building Contracts: Compliance: Time not Essence of Contract.** A provision in a building contract requiring the completion of the structure by a certain date will not be regarded as of the essence of the contract, so as to prevent a subcontractor from enforcing a mechanic's lien, where the material furnished and installed by him, for which he seeks a lien, was installed as soon as the building was made ready to do so by the contractor, and formed a permanent part of the building to be enjoyed by the property owner.

2. **APPELLATE PRACTICE: Conclusiveness of Trial Theory: Building Contracts: Compliance.** A recovery on a building contract requiring the installation of certain material according to the plans and specifications will not be denied, on appeal, on the ground that the materialman did not introduce the plans and specifications in evidence, thereby failing to show compliance with the contract, where no such point was made at the trial and defendant's evidence showed that the material was perfect and satisfactory in all respects.

3. **MECHANICS' LIENS: Material Installed Under Contract: Unit Charge.** In an action by a subcontractor to enforce a mechanic's lien, a recovery will not be denied on the ground that the evidence with respect to the number of hours of labor performed in

installing the material was meager, where the contract, the lien papers and the entire record show that the material was to be installed at set figures, which included the price of the material and the labor cost of installing it, and the evidence discloses that the material was installed according to the contract and at the price agreed upon and that the price was reasonable.

4. ————: **Service of Notice on Agent.** Where the owners of a building, against which a subcontractor filed a mechanic's lien, are copartners, service of notice of the filing of the lien by delivering it to the senior copartner, who acted for the others with respect to the construction of the building, is sufficient service upon such others, under Sec. 8?31, R. S. 1909, since he is their agent, within the statute.

5. ————: **Failure to Serve Notice: Liability of Owners Served.** The failure of a subcontractor who files a mechanic's lien to serve one of the several owners of the property with notice of the filing of the lien, as required by Sec. 8231, R. S. 1909, will not cause the lien to fail as to such of the owners as are so served.

6. ————: **Time of Filing Lien: Supplemental Contract: Facts Stated.** A subcontractor entered into a contract to furnish fire doors for a building for $525. It was ascertained subsequently that the doors would not be fire proof unless angle sills were placed under them, and the subcontractor contracted to furnish the sills for $52. The sills were installed in September, and the doors were installed on December 23. The subcontractor filed a mechanic's lien on April 21 following. *Held*, that the subsequent agreement was not an independent agreement but a modification of the original contract and, therefore, that the work performed in September and in December was performed in pursuance of the same undertaking, and hence it is *held* that the lien was filed within four months after the completion of the work, conformably to Sec. 8217, R. S. 1909.

7. ————: ————: ————: **Instructions: Harmless Error.** In such a case, an instruction given for plaintiff, that the several items of $525 and $52 for work and material embraced in the lien account were not furnished on one contract, but on two different contracts, and that, if the lien account was filed within four months after completion of the work under either or both of such contracts, then as to such contracts so completed within four months "from" the filing of the account, it was filed in time, was not reversible error, in the view that no work was done on the sills within four months prior to the filing of the lien, since the instruction should not have treated the two agreements as separate contracts, and, when both agreements are considered as one contract, the lien was filed within four months after the completion of the work provided for by such contract, as required by the statute.

Appeal from St. Louis City Circuit Court.—*Hon. William T. Jones,* Judge.

AFFIRMED.

*Seneca C. Taylor, Geo. W. Lubke* and *Geo. W. Lubke, Jr.* for appellant.

(1) Plaintiff having elected to base its right of recovery on express contract, was bound to have pleaded the contracts relied on and any modifications the same, and could not recover in *quantum meruit.* Koons v. St. Louis Car Co., 203 Mo. 227; Harrington v. Brockman Commission Co., 107 Mo. App. 418; Stanley v. Whitlow, 181 Mo. App. 461. (2) Proof of the performance by plaintiff of the contracts relied on was also essential to plaintiff's right to recover. Bursch v. Sanders, 37 Mo. 105; Eyerman v. Cemetery Ass'n, 61 Mo. 489; Davis v. Brown, 67 Mo. 313; Moline Plow Co. v. Hartman, 84 Mo. 610; Halpin v. Murray, 33 Mo. App. 388; Brierre v. Sugar Co., 102 Mo. App. 622; Skinner v. Young, 106 Mo. App. 615; Wade v. Nelson, 119 Mo. App. 278; Billups v. Daggs, 38 Mo. App. 367; Freeman v. Aylor, 62 Mo. App. 613; Laclede Construction Co. v. Tudor Iron Works, 169 Mo. 137. (3) Without proof that the fire doors were approved by the St. Louis Fire Prevention Bureau, and were completed on September 23, 1910, plaintiff was not entitled to recover for them. Dinsmore v. Livingston County, 60 Mo. 241; Williams v. Railroad, 112 Mo. 463; Heidbrink v. Schaffner, 147 Mo. App. 632. (4) The first, second and fifth instructions given for the pliantiff are erroneous. First: Because they are not predicated on the evidence in that the plaintiff failed to prove all the items contained in the lien accounts and pleaded in the petition. Bowles v. Lewis, 58 Mo. App. 649; Dunham v. Joyce, 129 Mo. 5; Smith v. Sedalia, 152 Mo. 283; Holden v. Railroad, 177 Mo. 456. Second: Because they ignore the question of the performance of the contracts upon which plaintiff based its right to recover. See authorities under points 1, 2 and 3. (5) The third instruction given for the plaintiff was erroneous

because it changed and enlarged the issues made by the pleadings. Sinnamon v. Moore, 161 Mo. App. 168; Black v. Railroad, 217 Mo. 672. (6) The fourth instruction given for plaintiff is erroneous. Kern v. Pfaff, 44 Mo. App. 29; Darlington Lumber Co. v. Harris, 107 Mo. App. 148. (7) The objections of the defendants to the introduction of plaintiff's claims of lien in evidence should have been sustained by the trial court. Hayden Slate Co. v. Anderson, 76 Mo. App. 281; Drey v. Redpath, 60 Mo. App. 134; Slate Co. v. Nicholson, 97 Mo. App. 332; Rodefeld v. Winkelmann, 156 Mo. App. 130. (8) The right of mechanic's lien is not assignable before the lien claim is filed. Benham v. Banker Edwards Building Company, 60 Mo. App. 34; Griswold v. Railroad, 18 Mo. App. 52. (9) Notice of intention to file a mechanic's lien must be served on each owner where the real estate is owned by tenants in common and service on one partner will not bind the interests of the other partners. Kneisley Lumber Co. v. Stoddard Company, 113 Mo. App. 306; Towner v. Remick, 19 Mo. App. 205.

*Henry H. Furth,* for respondent.

(1) If it were true that plaintiff was bound to have pleaded the express contracts under which the doors and angle sills were furnished, the point ought to be deemed waived because no objection for the failure or omission, if such it be, was taken in the trial court; but plaintiff was not required to plead and the action was not founded on the express contracts in the sense of an ordinary suit on contract, because this is a mechanic's lien suit. A mechanic's lien is a creature of the statute and is entirely unknown to the common law. Doellner v. Rogers, 16 Mo. 340. Though a contract with the owner or his agent is necessary for the establishment of a mechanic's lien, yet the lien does not arise out of the contract but from the fact of doing work and furnishing the materials. Jodd v. Duncan, 9 Mo. App. 417, 422; Hanon v. Gibson, 14 Mo. App. 33; Holland v. Cunliff, 96 Mo. App. 67; Fitzgerald v. Thomas, 61 Mo. 499. A mechanic's lien suit is not founded on a contract, but on a lien account. Hayden Salt Co. v. Iron Co., 62 Mo. App. 569.

The strict rules governing actions on contracts are not applicable to mechanic's lien suits. Hill v. Chowning, 93 Mo. App. 620. The validity of a mechanic's lien cannot be made to depend on whether the action is brought on a contract or on *quantum meruit*. Neal v. Smith, 49 Mo. App. 328, 331. (2) The law does not require literal performance of a contract. Substantial performance is sufficient. Freeman v. Aylor, 62 Mo. App. 613; Lumber Co. v. Snyder, 65 Mo. App. 685; Love v. Mason, 67 Mo. App. 279; Cropson v. Wallace Bros., 81 Mo. App. 685; Railroad v. Tygard, 84 Mo. 263. (3) Assuming (for the sake of argument only) that respondent offered no evidence of the approval of the doors by the St. Louis Fire Prevention Bureau, yet the doors were accepted without objection and retained, and it has never been contended nor was the slightest evidence offered by appellant that they are not just what they should be. Nor was respondent bound to show as a condition precedent that the doors were completed by September 23, 1910. The stipulation as to time is an independent stipulation and not a condition. Conditions are not favored in law and are not created by construction. The rule is that if the stipulation does not go to the whole consideration or is such that a breach thereof may be compensated in damages it will be treated as independent covenant and not as a condition. Keller v. Reynolds, 40 N. E. 76, 77, 78; Gratz v. Highland Scenic Ry., 165 Mo. 211, 217; Pierce City Water Co. v. Pierce City, 61 Mo. App. 471; St. Louis Steam Heating & Ventilating Co. v. Bissell, 41 Mo. App. 426. Time is not ordinarily of the essence of a contract. St. Louis Steam Heating & Ventilating Co. v. Bissell, supra; Wall v. Ice Co., 112 Mo. App. 659, 666; Pierce City Water Co. v. Pierce City, supra. And even where time is of the essence of the contract it may be waived. Estel v. R. R., 56 Mo. 282. After the goods are accepted the defendant's remedy is to recoup the damages, if any suffered, by the delay. Wall v. Ice Co., supra. (4) The plaintiff was not bound to prove every single item of the lien account under all circumstances. It was not bound to prove the exact number of hours of labor set out in

the account. It sufficiently appeared from the account itself and from the petition, and the contractors and owners both had notice, that the doors were to be furnished and erected and the angle sills furnished at a lump price for each group. The account gave notice that the price included not only the material, but all the labor required to put it in place. Whether the labor was more or less than was set out in the lien accounts would not affect the price to be paid for the articles or the result of this case. It was not necessary to set out the number of hours of labor, and the statement thereof in the account was mere surplusage which could have been omitted without in any way affecting the validity of the account. The plaintiff need not prove all that he avers if what he proves supports enough averments to constitute a cause of action. The unnecessary averments are mere surplusage. Laclede Construction Co. v. Tudor Iron Works, 169 Mo. 137, 155; Gannon v. Laclede Gaslight Co., 145 Mo. 502, 511; Knox v. Coggin, 105 Mo. 82; State v. Cummings, 248 Mo. 509; Schulenberg v. Strimple, 33 Mo. App. 154, 160; McLaughlin v. Schawacker, 31 Mo. App. 365. It is not necessary in all cases to itemize separately the charge for materials and labor. It is sufficient if all the labor is of a kind that is lienable and that the account shows that the charge includes only lienable labor. McLaughlin v. Schawacker, supra; Kearney v. Wurdeman, 33 Mo. App. 477; Doyle v. Wurdeman, 35 Mo. App. 330; McDermott v. Claas, 104 Mo. 14; Walden v. Robertson, 120 Mo. 38; Holland v. Cunliff, 96 Mo. App. 67. Instruction No. 3 was well within the issues of the case and correctly declares the law. Where work is necessarily done to remedy inherent defects or imperfections in the work, the demand accrues at the time of the final completion of the work. Drey v. Ridpath, 60 Mo. App. 138; Hayden Slate Co. v. Anderson, 67 Mo. App. 287; General Fire Extinguisher Co. v. Schwartz Bros. Com. Co., 165 Mo. 171, 188. Instruction No. 4 correctly declares the law. There were several independent liens on which one suit was brought. If either of the lien accounts were filed within four

months after the indebtedness thereon accrued, then as to such contract the account was filed in time. Miller v. Herbert, 62 Mo. App. 682; Darlington Lumber Co. v. Harris, 107 Mo. App. 148. Although the petition gave December 24, 1910, as the date when the indebtedness accrued, yet if the lien account and the evidence show that the indebtedness accrued within four months of the filing of the account the variance in the date is immaterial. Stove Co. v. Spear, 65 Mo. App. 87, 90. A variance or omission not affecting the merits will not vitiate the lien. Madden v. Paroneri Realty Co., 75 Mo. App. 358. (5) The line accounts were fair on their face and we can see no ground why they were not admissible in evidence. (6) We concede that a lien is not assignable before the lien account is filed, but we fail to understand the application of the rule to this case. The fact and the proof is that the account was filed by the plaintiff's assignor, and subsequently assigned to the plaintiff. Jones v. Hurst, 67 Mo. 568. (7) The notice of lien was served on Vito Viviano, the head and senior member of the firm, in his capacity as a partner and agent of the defendant, Gaetano Viviano. Under the statute a notice served on the agent of an owner is good service. Sec. 8231, R. S. 1909; Stove Co. v. Spear, supra. (8) Defendants, by introducing evidence, waive the demurrer to plaintiff's evidence to the extent of assuming the risk of supplying, by their own evidence, the defects, if any, in plaintiff's evidence. Storck v. Mesker, 55 Mo. App. 26; Frye v. Railroad, 200 Mo. 377; Stauffer v. Metropolitan S. R. Co., 243 Mo. 305. The Mechanic's Lien Law is a remedial statute, and is liberally construed by the courts of this State. Bruns v. Braun, 35 Mo. App. 337; DeWitt v. Smith, 63 Mo. 263; O'Shea v. O'Shea, 91 Mo. App. 221.

NORTONI, J.—This is a suit to enforce two mechanic's liens. Plaintiff recovered and defendants prosecute the appeal.

The first lien asserted is for the amount of $577 and the second for the amount of $297. The first lien bot-

toms on the installation of certain sliding fire doors in defendants' building and angle sills thereunder; while the second relates to the installation of certain jack-knife doors and transoms. The defendants, Vivianos, are the owners of the building constructed as a macaroni factory, and defendant L. B. Wright Construction Company is the original contractor. It appears plaintiff, as a subcontractor, agreed with the L. B. Wright Construction Company, as the original contractor, to install the doors and angle sills above referred to. Although the doors and angle sills were accepted and used by defendants, no compensation was made to plaintiff therefor.

In making its case, plaintiff introduced the original contract between the owners of the property and the construction company, which required the completion of the building by the original contractor on or before September 23, also that the fire doors, when installed, should be approved by the St. Louis Fire Prevention Bureau.

It is argued that no recovery should be allowed, for that it does not appear the terms of this contract were complied with. It is to be said, in this connection, that no delay is pointed out attending the conduct of plaintiff, but it does appear the original contractor did not complete the building, which was due on September 23, until probably about the first of December thereafter. Plaintiff installed the doors, as is usual, when the other work was about completed, and, according to all of the evidence, before the building was completed by the original contractor.

It is earnestly argued that, as the contract between the owners and the construction company required the doors to be approved by the St. Louis Fire Prevention Bureau, plaintiff is not entitled to recover because there is no evidence that they were so approved, but obviously this is a misconception of the record. There is an abundance of evidence to the effect that, after the doors were installed, the Fire Prevention Bureau inspected them and made certain requirements, all of which were complied with by plaintiff, and that no further complaint was made thereafter. Moreover, defendant introduced

much evidence to the effect that the doors were entirely satisfactory in all respects. This evidence was given to combat plaintiff's theory, that the time for filing a lien account was extended because of certain corrections made in January, after the doors were installed, in finally completing its contract. The evidence on the matter of the approval by the Fire Prevention Bureau is as follows: "Q. Was that work ever approved by the St. Louis Fire Prevention Bureau? A. They made an inspection and asked us to change a few small items, which we did." From this it appears plaintiff complied with all the requirements of the Fire Prevention Bureau and obviously the jury were authorized to find from this and other facts and circumstances the approval referred to. At any rate, there seems to have been no controversy about this matter at the trial, and, as before said, defendants introduced direct evidence to the effect that the doors were proper in every respect from the first and performed their office splendidly, but this, as above said, was to combat the testimony introduced by plaintiff, to the effect that some corrections were made subsequently, at the request of the Vivianos, the owners of the property, so as to extend the time for filing the lien.

Touching the argument to the effect that plaintiff did not show the doors were installed within the time limited in the contract for the completion of the building —that is, September 23—it is to be said that there is no possible merit in this. In the first place, whatever delay was occasioned in the construction of the building—and of this there appears to be no particular complaint in the record—was entailed in some manner by the L. B. Wright Construction Company. There is some evidence that the building was completed in November, and there is some evidence that it was completed about December 2, and some, after December 25, but all of the evidence is, that the matter of installing the doors was necessarily deferred until the other work was about completed. The doors were installed, according to defendants' evidence, when they moved into the building, but all of the evidence shows that this was subsequent to September 23.

At any rate, it appears plaintiff installed the doors as soon as the building was made ready for it to do so by the contractor, and such doors are a permanent part of the building to be enjoyed constantly by defendants. In such circumstances, the matter of time is not to be regarded as of the essence of the contract and plaintiff's right to recover denied on that account. The proposition advanced is settled adversely to the argument put forward here, as will appear by reference to the St. Louis Steam Heating, etc. Co. v. Bissell, 41 Mo. App. 426, 431.

Another argument is to the effect that the contract required the jackknife doors to be installed according to the plans and specifications and that such plans and specifications are not in evidence. Because of this it is said plaintiff has failed to show a compliance with the contract, but it is enough to say of this that the matter was not referred to at the trial, and, indeed, defendants' evidence all goes to the effect that the doors were perfect—indeed, extremely satisfactory in every respect.

In the lien account there are some items with respect to the hours of labor employed in installing the doors, and the evidence is rather meager with respect to the hours of labor. It is argued both liens must fail because of this, but the point is without merit, for the contract, the lien papers, and, indeed, the entire record, disclose that the fire proof doors and the angle sills and also the jackknife doors were to be installed at set figures, which include labor as well as the material in the doors. The evidence is abundant that the doors were installed according to the contract and at the price agreed upon, also that the price was a reasonable one. All of the items in connection with the installation of the doors and angle sills, including the labor, were lienable. This court, on a similar question, has heretofore said:

"A charge is not a 'lumping' one where it includes only lienable items which are the subjects of an express contract for a given price which (in case of a subcontract) is also shown to be the reasonable value thereof." [Holland v. Cunliff, 96 Mo. App. 67, 80, 69 S. W. 737.]

194 M. A.—29

The owners of the building are copartners in the business of manufacturing macaroni, and they erected this building for use in such business. They are Vito Viviano, Pietro Viviano, Salvatore Viviano and Gaetano Viviano. The deeds in evidence show that they own the property jointly and a portion of the property was conveyed to them as Viviano Brothers. Notice of the filing of the lien was served on all of the owners personally, save Gaetano Viviano, and the service on him, if at all, was by delivering a notice for him to his brother and business partner, Vito Viviano, as his agent. It is conceded that Vito Viviano is the senior member of the copartnership, of which his brothers are all members, and the evidence is abundant that he was the active man in connection with the construction of the building. This defendant, the senior member of the partnership, says he visited the building daily while in the course of construction, and it sufficiently appears throughout that he was the most active member of the firm. The statute requires the notice to be served on the owner of the property or his agent, and, in view of this, it is argued that the service of the notice to Gaetano Viviano on his brother and copartner Vito Viviano, in such circumstances, is not sufficient as to defendant Gaetano Viviano; but in view of the facts above stated, we view the matter otherwise. At any rate, the lien should not fail because of this as to the several co-owners personally served. [See Kneisley Lumber Co. v. Stoddard Co., 113 Mo. App. 306, 314, 88 S. W. 774.] However, it sufficiently appears that Vito Viviano, the senior partner, was acting as agent throughout for all of his brothers and copartners as well as for himself. And in such circumstances notice to him as agent for a copartner is sufficient. [See Stove Co. v. Spear, 65 Mo. App. 87.]

The debatable question in the case relates to the matter contemplated in plaintiff's fourth instruction. It appears that plaintiff undertook to install the slide fire doors for the general contractor at the agreed price of $525. Shortly thereafter it was ascertained that the doors would not be fire proof unless angle sills were

placed thereunder. Thereupon the general contractor proposed that plaintiff should do this work as well, and another agreement was made touching the matter, whereby plaintiff undertook for $52 to furnish and put in place the angle sills, in order to render the entire construction in connection with the doors fire proof. The evidence is, that the angle sills were installed in September, but the doors' themselves were not finally installed until the twenty-third of December. The lien touching both was filed April 21 thereafter. The statute requires the lien of the subcontractor to be filed within four months after the completion of the work. A question was made in the case as to whether or not the lien touching the installation for the fire doors and angle sills was filed in time. Evidence was given on the part of plaintiff tending to prove that, though the doors were installed December 23, some defects were pointed out by the fire insurance survey and also by the Vivianos requiring certain alterations as late as January. On the other hand, there was evidence given on the part of defendant to the effect that the doors were completed as early as December 2 and everything was in excellent shape so as to require no additional labor thereafter. On these facts, it is insisted that the lien filed April 21 was out of time as to the fire doors and the angle sills also, but especially as to the angle sills, which appear to have been installed prior to the installation of the doors. Touching this matter plaintiff requested and the court gave the following instruction:

"IV. The jury are instructed that the several items of $525 and $52 for work and materials embraced in the lien account of $577 were not furnished under one contract, but under two different contracts, and if said lien account was filed within four months after the completion of the work under either or both of such contracts, then as to such of the contracts so completed within four months from the filing of said account, said lien account was filed within the time required by law."

This instruction recognizes and treats with the matter of installing the fire doors at $525 as one contract

and the matter of installing the angle sills at $52 as another contract. It is argued the instruction is erroneous in that it directs, substantially, that if the lien account was filed within four months after the completion of the work, under either or both of the contracts, then, as to the contract under which the work was completed within four months, the lien was filed in time. The instruction is rather involved and not as clear as it should be, but, when scrutinized, is well enough. The court has heretofore said:

"It is the law that where there are separate contracts between a building contractor and an owner for the performance of different jobs, in order for a lien account filed by the contractor, to be good for the entire work, it must be filed within the statutory period after the completion of the work under each contract." [See Darlington Lumber Co. v. Harris, 107 Mo. App. 148, 153, 80 S. W. 688.]

This instruction first concedes that there were two separate contracts—one at $525 and one at $52—for work and materials embraced in the account of $577. After so doing, it directs the jury that if the lien account was filed within four months after the completion of the work, under either one of these or both of these contracts, "then, as to *such of the contracts* so completed within four months," the lien was filed in time. The instruction appears to be well enough. The judgment ought not to be reversed for this, when it appears from the letter of the Vivianos in evidence that they actually required plaintiff to make certain corrections about this particular work some time after December 23, so as to clearly extend the time—that is, by completing their task on fire proof doors and sills—for filing the lien, under all of the authorities with which we are familiar. Besides the case last above cited, see, also, Darlington Lumber Co. v. Smith Bldg. Co., 134 Mo. App. 316, 114 S. W. 77. In this connection, it is to be said that what plaintiff undertook to do in the first instance was to install fire doors and it turned out that, to render them fire proof, it was necessary that angle sills—that is, metal sills—

should be installed thereunder. The subsequent agreement to install these sills for $52 was really but a modification of the original contract and it seems the whole matter should have been so treated, for it all converged in the undertaking to install fire proof doors. However, plaintiff's instruction, above set out, treated the two matters as separate contracts, and the real question for consideration is: Should the judgment be reversed because of this, when it appears that the work which was done in January, by way of making corrections and relied upon to toll the lien, was not done upon the sills themselves? We believe this work, though done on the doors, should, nevertheless, be treated as attributable to the whole of the undertaking—that is, the installation of the fire proof doors, of which the angle sills were parcel. It is to be said in this connection that the instruction as framed by plaintiff was too favorable to defendant and ought not to have treated the matter as two separate contracts, for in fact, the installing of the angle sills, while it occasioned an additional charge of $52, amounts to no more than a modification by which the original contract to install fire proof doors was executed. [Burns v. Braun, 35 Mo. App. 337.]

In this view, the judgment should be affirmed notwithstanding the criticism to the instruction. It is so ordered. *Reynolds, P. J.,* and *Allen, J.,* concur.