## DAHL v. MONTANA COPPER COMPANY.

ERROR TO THE SUPREME COURT OF THE TERRITORY OF MONTANA.

No. 86. Submitted November 7, 1889. — Decided November 25, 1889.

*Dahl* v. *Raunheim, ante*, 260, affirmed and applied.

The objection that a corporation ·cannot sue in a Territorial Court, on the ground that it does not appear that the corporation has complied with the·conditions imposed by a statute of the Territory upon its transacting business there, cannot be urged for the first time in this court.

THIS case was argued with *Dahl* v. *Raunheim, ante*, 260. The case is stated in the opinion.

*Mr. William H. De Witt,* for plaintiff in error, submitted on his brief.

No appearance for defendant in error.

MR. JUSTICE FIELD delivered the opinion of the court.

This is an action to quiet the title to certain placer mining ground, twenty acres in extent, in Silver Bow County, Montana, claimed by the plaintiff below, the Montana Copper Company, under a location made in March, 1879, against the assertion of ownership by the defendant to a portion of the premises as a lode claim under a location made in March, 1881.

The plaintiff applied for a patent for its placer ground in November, 1880, and notice of the application was published by the register of the local land office, and all the other provisions of the statute required in such cases were complied with. No adverse claim was filed by the defendant or any one else during the period of publication. The Dahl lode claim was not located until after that period had expired. The defendant is therefore precluded from questioning the right of the plaintiff to a patent for the premises, and, of course, from objecting either to the location or its character

as placer ground. The only question open to him in this controversy is whether the lode or vein claimed by him was known to exist at the date of the plaintiff's application, none having been included in such application, and upon that question a jury have passed, and found specially that no lode or vein was then known to exist within the boundaries of the placer claim.

The case is similar in this respect to the one just decided, *Dahl v. Raunheim, ante*, 260. But the plaintiff in error endeavors to raise another question in this court, namely, as to the competency of the Montana Copper Company, the plaintiff below, to do business in the Territory, and, consequently, to maintain any suit respecting its property, because it does not appear that it has complied with the conditions imposed by the statute of the Territory to its transacting business there. That statute, which was passed in July, 1879, provided that all foreign corporations organized under the laws of any State or Territory of the United States, or by virtue of any special acts of the legislative assembly of such State or Territory, or of any foreign government, should, before doing business within the Territory, file in the office of its secretary and in the office of the county recorder of the county wherein they intend to carry on business, an authenticated copy of their charter or certificate of incorporation, and, also a statement verified by their president and secretary, and attested by a majority of the board of directors, showing:

First. The name of such incorporation, and the location of its principal office or place of business, without this Territory; and, if it is to have any place of business or principal office within this Territory, the location thereof.

Second. The amount of its capital stock.

Third. The amount of its capital stock actually paid in money.

Fourth. The amount of its capital stock paid in any other way, and in what.

Fifth. The amount of the assets of the incorporation, and of what the assets consist, with the actual cash value thereof.

Sixth. The liabilities of such incorporation, and, if any of its indebtedness is secured, how secured, and upon what property.

The statute also provided that such corporation or joint stock company should file at the same time and in the same offices a certificate under the signature of its president, or other acting head, and its secretary, stating that the corporation had consented to be sued in the courts of the Territory in all causes of action arising within it, and that service of process might be made upon some person, a citizen of the Territory, whose name and place of residence should be designated, and that such service should be taken and held to be as valid to all intents and purposes as if made upon the company in the State or Territory under the laws of which it was organized.

The statute also provided a forfeiture of ten dollars a day for every day in which such foreign corporation should, after four months from the publication of the act, neglect to file the statements and certificates mentioned, and declared that all acts and contracts made by such incorporation or any agent or agents, during the time it should fail and neglect to file the statements and certificates, should be void and invalid as to such corporation. In the present action the plaintiff alleges in its complaint that it is a corporation created under the laws of New York, doing business in Silver Bow County, in the Territory of Montana, and is the owner of the property in controversy. The answer of the defendant does not deny its incorporation, or its right to do business in that county, but only its ownership of the property. No question is therefore raised on the pleadings as to its competency to do business within the Territory for want of compliance with the provisions of the territorial law. The question at issue on the pleadings and on the trial in the court below was confined to the ownership of the mining ground. Without, therefore, considering the validity and force of the provisions of that law, (Congress having permitted corporations, whether formed within or without that Territory, to explore for and hold mining claims on the public domain, *McKinley* v. *Wheeler*, 130 U. S. 630,) or whether if they are valid, any parties except the government of the Territory can allege a disregard of them, to defeat the title of the corporation to its property,

(*Fritts* v. *Palmer*, *post* 282,) it is sufficient in this case to say that such incompetency cannot be considered unless set up in the pleadings in the court below. A failure to comply with the provisions of the law will not be presumed in the absence of any allegation on the subject. The objection cannot be urged for the first time in this court.

*Judgment affirmed.*