LOUISIANA & GULF LUMBER COMPANY, Respondent, v. MATT O'CONNELL, Defendant; LAURA V. MYERS, et vir., Appellants.

Kansas City Court of Appeals, March 4, 1901.

1. **Mechanics' Liens:** JUST AND TRUE ACCOUNT: PURCHASE AND DELIVERY OF ITEMS. A bill for material to go into a building was purchased on one day and the items delivered at various subsequent dates; the lien account set them all forth as of the date of the purchase. *Held,* this irregularity did not vitiate the account.

2. ———: ———: VARIOUS PURCHASES: SINGLE LIEN. Material for a building was largely purchased in one transaction; certain extras were purchased from time to time thereafter. The lien account included the general bill and the "extras" itemized under the several dates of purchase. *Held,* proper and that separate lien accounts did not have to be filed for each separate purchase.

3. ———: CONTRACT: SUBCONTRACTOR: RELATION. A contract between the owner and the contractor is necessary as a foundation of the lien of a subcontractor; but where the contract has

been let and verbally accepted, a subsequent written contract relates back to the verbal letting so as to save the lien of the subcontractor under a contract made between the verbal letting and the formal written contract.

Appeal from Jackson Circuit Court.—*Hon. E. P. Gates,* Judge.

Affirmed.

*R. H. Field* for appellants.

(1)   It is obvious that there can be no lien for material furnished before the owner has made a contract for an improvement.   Range Co. v. Jeffers, 79 Mo. App. 177; Mill Co. v. Brundage, 25 Mo. App. 268; Duross v. Broderick, 78 Mo. App. 260; R. S. 1899, sec. 4203; Phillips on Mechanics' Liens, sec. 44; Coe v. Ritter, 86 Mo. 278; Brick Co. v. Eng. Co., 180 Ill. 535; Lumber Co. v. Nelson, 71 Mo. App. 110; Nelson v. Withrow, 14 Mo. App. 270; Poppert & Son v. Wright, 52 Mo. App. 576.   A variance, between any claim in the lien and the truth, is fatal to the lien.   Lumber Co. v. Nelson, supra; Malone v. Gravel Co., 76 Cal. 578; Eaton v. Melatessa, 92 Cal. 75; Wagner v. Hansen, 103 Cal. 107; Mill Co. v. Allison, 138 Mo. 50; Powell v. Banks, 146 Mo. 620; Tyler v. Hall, 106 Mo. 314; Eads v. Carondelet, 42 Mo. 113.   (2)   No idea of estoppel or benefit can supply the place of a contract, an indispensable element in the creation of a mechanic's lien.   Towner v. Renick, 19 Mo. App. 208; Wheeler v. City of Poplar Bluff, 149 Mo. 36.   (3)   The testimony of the witness, Barr, manager of the plaintiff, that only one load of lumber, not exceeding twenty dollars' worth, was delivered on March 31, 1899, and that the delivery of the remainder of the bill of lumber charged in the account as furnished March 31, 1899, was strung along after March 31, through April, May, June, July, August

and September, following, certainly shows that the account set out in the mechanics' lien is not a true account. The statute requires the lien account to be both "just" and "true." R. S. 1899, sec. 4207; Miller v. Herbert, 62 Mo. App. 682; see, also, authorities cited in point number 1. Bldg. & L. Ass'n v. Goldreyer, 71 Conn. 95; Bement v. Trenton Co., 31 N. J. L. 246; s. c., 32 N. J. L., 513; Brick Co. v. Eng. Co., 180 Ill. 535. (3) A single mechanic's lien for materials furnished for two or more buildings on different lots of ground, under more than one contract, is void. O'Conner v. Railroad, 111 Mo. 185; Miller v. Herbert, 62 Mo. App. 682; Lumber Co. v. Nelson, 71 Mo. App. 110; Henry v. Mahone, 23 Mo. App. 83. (4) It is impossible to make one general contract out of two different kinds of contracts—one, an express contract made by the parties containing a specific agreement between the parties as to the price of material; another, only an implied contract made by the law, because without specific agreement between the parties as to the price. Malone v. Gravel Co., 76 Cal. 578; Miller v. Herbert, 62 Mo. App. 682; Gauss v. Hussmann, 22 Mo. App. 119, 120; see, also, Kerns v. Paff, supra; Grace v. Nesbitt, supra; Kearney v. Wurdemann, supra; Young v. Ridenbaugh, 67 Mo. 574, 584; Koontz v. Kaufman, 31 Mo. App. 398, 420.

*Meservey, Pierce & German* for respondent.

(1) We concede appellants' proposition that in order to sustain a lien for material there must be a contract between the owner and original contractor. But such original contract need not be in writing. It may be a verbal contract or an implied contract. Phillips on Mechanics' Liens, sec. 114; 15 Am. and Eng. Ency. of Law, p. 72; Bruce v. Berg, 8 Mo.

App. 204; Rebman v. Gabriel, 95 Cal. 390; 30 Pac. 564. The lien is created not by the contract but by the furnishing of the work and labor and the material which thereby enhances the value of the realty. McAdow v. Sturtevant, 41 Mo. App. 220; Hannon v. Gibson, 14 Mo. App. 33; Fitzgerald v. Thomas, 61 Mo. 499; Bruns v. Braun, 35 Mo. App. 337; Sontag v. Doerge, 14 Mo. App. 577. A fair and substantial compliance with the statute is all that is required. DeWitt v. Smith, 63 Mo. 263; Walden v. Robertson, 120 Mo. 43; Press Brick Co. v. McTaggart, 76 Mo. App. 353; Methudy v. Ross, 81 Mo. 481; Green v. Cole, 103 Mo. 70; Allen v. Chouteau, 102 Mo. 309; Carney v. Cook, 80 Ia. 747; 45 N. W. Rep. 919; Supreme Council v. F. & C. Co., 63 Fed. Rep. 48; Rebman v. Gabriel, 30 Pac. Rep. 564; Anderson v. Berg, 54 N. E. Rep. 877; Lumber Co. v. Dillon, 56 Pac. Rep. 989; Courtemanche v. Railroad, 48 N. E. Rep. 937; Phillips on Mechanics' Liens, sec. 122. (2) That the items in the original estimate were dated March 31, 1899, and all put in under one date, is not such a defect as to be fatal to the enforcement of the lien. Press Brick Co. v. McTaggart, 76 Mo. App. 347; Planing Mills v. Allison, 138 Mo. 50. (3) For the purposes of the mechanic's lien law the account was one general account and not two distinct accounts. Brick & M. Co. v. Brick & Quarry Co., 151 Mo. 501; Page v. Bettes, 17 Mo. App. 366; Grace v. Nesbitt, 109 Mo. 9; Bruns v. Braun, 35 Mo. App. 337.

ELLISON, J.—Plaintiff furnished material to defendant O'Connell to be used and which was used in the construction of houses for the defendants Myers. This action was brought to obtain a personal judgment against O'Connell and to charge the same against defendants' property. The trial court found for the plaintiff against O'Connell and for the enforcement of the lien. Defendants Myers appealed.

The lien is objected to on the ground that it is not a just and true account as required by the statute.    The facts are that O'Connell purchased at one time (March 31, 1899) a bill of lumber for $1,700.    Only a small portion of this was delivered at that date, nearly the whole of it being delivered, as needed, during the course of the construction of the building in the following months of April, May, June, July, August and September.    During those months plaintiff also sold and delivered to O'Connell from time to time, as needed for said building, other material denominated as extras.    The items composing the first purchase of $1,700 are duly set forth in the account, but all under the one date of March 31, 1899, the day of purchase.    And the items of the second purchases, called extras, are set forth with the dates when ordered or delivered.

We are of the opinion that the lien account is proper and that the objection above stated is not well taken.    The first bill is properly itemized and it was not improper to arrange these items under the one date of purchase.    Neither would it have been objectionable if the account had started with the day of purchase and continued with dates corresponding to the delivery.    The account of $1,700 would have been more complete if it had stated the fact that the whole was purchased at one date and delivered by piecemeal at certain named times thereafter. But it is nevertheless a true account without that particularity.

It is further objected that these purchases (the original and the extras) made two separate and distinct contracts and accounts which could not be joined in one lien.    We believe this objection to be likewise not well grounded.    It is in reality disposed of adversely by the case of Press Brick Co. v. Brick Co., 151 Mo. 501.    While the original purchase and the subsequent purchases of "extras" were not included in one single transaction (for that is rarely the case in furnishing material for building purposes) yet both the original and "extra" pur-

chases were for the one improvement.    The account could,
perhaps, be divided or separated into divisions, but it remains
one account.    It must have been in the contemplation of the
parties that other material would be furnished if needed and
desired.    It was furnished for the one improvement.    There
is no more justification for separating the first purchase of
$1,700·and the purchases of extras into distinct accounts than
there would be for making distinct contracts and accounts out
of each of the separate purchases of the "extras."

Again, it is urged by defendant that at the time of the pur-
chase of the original bill of $1,700 there was no contract be-
tween O'Connell the contractor, and Myers the owner of the
building.    We decided at this term in Richardson v. O'Connell
that a contract between the owner and the contractor who pur-
chases material, is a necessary foundation for the lien of the
materialman.    Duross v. Broderick, 78 Mo. App. 260; Range
Co. v. Jeffers, 79 Mo. App. 175; Rebman v. Gabriel, 95 Cal.
390.    We think the facts in this case show such contract.    It
is clearly inferable from the record that before the purchase of
the lumber by O'Connell he had made his bid for the construc-
tion of the building and it had been verbally let to him.    But
it was understood that there should be a written contract be-
tween the parties and that O'Connell should give a bond for the
faithful performance of the contract.    The written contract
was not delivered and the bond was not given until several days
after the original purchase and after the first delivery there-
under.    The contract was dated before the purchase, presum-
ably as of the date of the verbal letting; and O'Connell began
work before the purchase.    Conceding that it was the under-
standing between the parties that the letting of the contract to
O'Connell was conditioned on his signing a written contract
and giving bond, yet it is clear from the other facts, in con-
nection with these, that, upon giving bond and delivering the

written contract, it related to the inception of the transaction at the letting and is sufficient to establish contractual relations between Myers, the owner, and O'Connell, the contractor, before the material was purchased and form a base sufficient to support the lien.

What we have said is sufficient to dispose of the objection to instructions. The judgment will be affirmed. All concur.