Common Pleas Court of Hamilton County.

LEWIN LUMBER CO. V. HARRY GUTTMAN ET AL.

Decided February, 1928.

*Leonard H. Freiberg,* for plaintiff.

*Heintz & Heintz* and *Nathan Vigran,* for defendants.

MORROW, J.

In this case we will refer to the owner of the property as defendant.

The plaintiff as material man furnished lumber for construction of defendant's house. The contractor built the house pursuant to plans, which showed two breakfast nooks and two small tables in the breakfast nooks. The house was a duplex apartment house.

The plans also called for a certain number of frames for window openings, and these were all furnished before August 10, 1925.

Defendant then ordered through contractor two small drawers, which were to be inserted in the breakfast tables. These were delivered on August 17, 1925, and then became

a part of the tables, which are movable, and not fastened to, or a part of, the house itself.

Defendant then decided that the kitchens were not ventilated sufficiently and had contractor to pierce kitchen walls for a window in each kitchen. The two plank window frames were furnished by plaintiff and placed in the holes pierced for their reception. These frames were delivered to defendant on or about August 25.

The plaintiff's lien was filed fifty-nine days after August 17.

The question whether the lien shall count from the date August 17 or August 25, 1925, we do not consider of moment.

If the furnishing of the drawers for the breakfast tables and the window frames for further ventilation were acts (under the circumstances above stated) "of carrying forward, performing or completing the contract" (see Section 8310 General Code) then the lien filed fixes liability upon defendant to pay the entire bill for lumber incurred for construction of the defendant's house by the contractor, who ordered the lumber from the plaintiff.

If the question is answered in the negative, then the lien was filed in time only to fix upon defendant liability to pay for cost of the drawers and the window frames; that is to say, the procurement of the drawers and the window frames, was made pursuant to two new contracts providing for supplementing and altering the contract of construction previously performed.

In this connection, we note that the "affidavit for mechanic's lien set forth in Section 8314, General Code, provides that material man shall swear that the material was furnished "in pursuance of a certain contract."

It is true that a house seldom is constructed without additions to the work provided for by the plans and specifications. It is true also that in this instance there was considerable extra work done by the contractor, with material furnished by the plaintiff.

Plaintiff's counsel argues most ingeniously that this was "Job 107" of the contractor, and from a broad view point, everything done to make the house contemplated by "Job

107," habitable and satisfactory, should be tacked on the original contract and considered a part thereof, for the purpose, under the statute, of fixing liability on the defendant. He quoted the cases of *Valley Lumber Co. et al.* v. *Dreissel*, 15 L. R. A. (N. S.), 299, 93 Pac., 765, 13 Idaho, 662; also *Darlington Lumber Co.* v. *Harris*, 107 Mo. App., 148.

These cases are similar to the case at bar and the reasoning is convincing. However, in neither the state of Idaho nor Missouri is explicit language, such as we have quoted from Section 8310, General Code, referred to, or construed. As a matter of fact, the Idaho and Missouri statutes contain no such language.

The Idaho statutes 7339 and 7346 are comparable to our own Sections 8310 and 8314, but neither of these statutes speak of "carrying forward, performing or completing a contract," as does the Ohio statute.

The Darlington Lumber case arose in Missouri and we note that Sections 7216 and 7221 of the Missouri statutes are like the Idaho statutes and do not contain language similar to that above quoted in the Ohio statutes. For this reason, neither the Idaho nor the Missouri cases, in our opinion, are compelling in this instance.

There is no privity as between the materialman and the owner and the Ohio statute seems to contemplate a definite time limit, namely, the termination of the original contract of construction, or a subsequent contract from which shall run the time wherein liens may be filed.

While the case of *Choteau* v. *Thompson*, 2 O. S., 115, precedes the existence of this statute (8310) the language of Judge Thurman on page 126 is pertinent as regards the window frames here. We deem they were furnished for the alteration of the house, and not pursuant to contract of erection.

As to the furnishing of the drawers for the breakfast tables, it was certainly not an act of "carrying forward, performing or completing" the erection of the house, they having been uncalled for when the tables were planned, and being essentially material for alterations of chattels independently provided for by a contract for the erection of a house.

The "contract" referred to in Section 8310 is between the original contractor and the owner. We cannot construe said section so as to hold that a subsequent ordering of two small drawers for movable tables (which otherwise are not shown or referred to by the plans and specifications) and the furnishing of two window frames, to make for alterations of the original plan and contract, are part and parcel of the contract of construction whereby the other material was ordered previously by the plaintiff.

The above construction of the contract we are constrained to adhere to regardless of the criterion, that is to say, whether a strict or liberal construction thereof should be had.

Plaintiff must be held to have known that the drawers ordered were not included in its bid for the furnishing of materials for Job 107, and also must be held to have known that it had furnished all the window frames called for by the plans and specifications of that job. We advert to this in view of certain reasoning in the Valley Lumber Company case.

Plaintiff is awarded decree for foreclosure of lien to the extent of bill for the drawers and the two window frames, which the court finds were furnished pursuant to contracts distinct from and subsequent to the original contract of construction of Job 107.

The question as to costs is up for settlement also. Under Section 11628 the court has discretion to apportion costs in this cause par "in other actions the court may award and tax costs and apportion them between parties on the same or adverse sides as it adjudges to be right and equitable." See *Robert* v. *City of Cincinnati*, 8 C. C., 395.

The defendant, by counsel in open court, admitted its liability for the amount of this decree, and such admission was reiterated so as to be almost tantamount to a tender. However, in view of the vexatious question involved, the court feels that both sides were justified in appealing to the court and it seems right and equitable to divide the costs, each party to pay one-half of the costs accruing from controversy between these parties, namely Lewin Lumber Company and Harry Guttman.