# DAHL v. RAUNHEIM.

ERROR TO THE SUPREME COURT OF THE TERRITORY OF MONTANA.

No. 85. Submitted November 7, 1889.— Decided November 25, 1889.

An applicant for a placer patent, who has complied with all the proceedings essential for the issue of a patent for his location, but whose patent has not issued, may maintain an action to quiet title against a person asserting title to a portion of the placer location under a subsequent location of a lode claim.

If on the trial of such an action the court instruct the jury that if they believe that the premises were located by the grantors and predecessors in interest of the plaintiff as a placer mining claim in accordance with law and they continued to hold the premises until conveyed to the plaintiff, and the plaintiff continued to hold them up to the time of the application of a patent therefor, and at the time of the application there was no known lode or vein within the boundaries of the premises claimed, and there is a general verdict for the plaintiff, the jury must be deemed to have found that the lode claimed by the defendant did not exist when the plaintiff's application for a patent was filed.

When a person applies for a placer patent in the manner prescribed by law, and all the proceedings in regard to publication and otherwise are had thereunder which are required by the statutes of the United States, and no adverse claims are filed or set up, and it appears that the ground has been surveyed and returned by the Surveyor General to the local land office as mineral land, the question whether it is placer ground is conclusively established and is not open to litigation by private parties seeking to avoid the effect of the proceedings.

The rulings upon a motion for a new trial are not open to consideration in this court.

AT LAW, to quiet title. Verdict for the plaintiff and judgment on the verdict. The defendant sued out this writ of error. The case is stated in the opinion.

*Mr. William H. De Witt*, for plaintiff in error, submitted on his brief.

No appearance for defendant in error.

MR. JUSTICE FIELD delivered the opinion of the court.

This is an action to quiet the title of the plaintiff below to certain placer mining ground, forty acres in extent, situated

in Silver Bow County, Montana, of which he claims to be the owner, and in a portion of which the defendant claims to have some right and interest, and for which portion he has applied for a patent. The plaintiff asserts title under a location of the ground as a placer claim on the 22d of February, 1880, by parties from whom he purchased.

The defendant asserts title to a portion of that ground, being three acres and a fraction of an acre in extent, as a lode claim under a location by the name of the Betsey Dahl Lode, made subsequently to the location of the premises as placer mining ground, and subsequently to the application by the plaintiff for a patent therefor. That application was made on the 16th of July, 1881, and the register of the local land office caused notice of it to be published as required for the period of sixty days. All the other provisions of the law on the subject were also complied with. See *Smelting Company* v. *Kemp*, 104 U. S. 636, 653. To this application no adverse claim to any portion of the ground was filed by the defendant or any other person, and the statute provides that in such case it shall be assumed that the applicant is entitled to a patent upon certain prescribed payments, and that no adverse claim exists. The statute also declares that thereafter no objection of third parties to the issue of a patent shall be heard, except it be shown that the applicant has failed to comply with the requirements of the law. No such failure was shown by the defendant. He is, therefore, precluded from calling in question the location of the claim, or its character as placer ground.

The only position on which the defendant can resist the pretensions of the plaintiff is that the placer ground, for a patent of which he applied, does not embrace the lode claim. The effect to be given to that position depends upon the answer to the question whether at the time of his application any vein or lode was known to exist within the boundaries of the placer claim, which was not included in his application. Section 2333 of the Revised Statutes provides that when one applies for a placer patent who is at the time in the possession of a vein or lode included within its boundaries, he must state that fact, and then on payment of the sum required for a vein or lode

and twenty-five feet on each side of it at five dollars an acre, and two dollars and a half an acre for the placer claim, a patent will issue to him covering both the placer claim and the lode. But it also provides that, where a vein or lode is known to exist at the time within the boundaries of a placer claim, the application for a patent, which does not also include an application for the vein or lode, will be construed as a conclusive declaration that the claimant of the placer claim has no right of possession to the vein or lode; and also that where the existence of a vein or lode in a placer claim is not known at the time of the application for a patent, that instrument will convey all valuable mineral and other deposits within its boundaries.

It does not appear in the present case that a patent of the United States has been issued to the plaintiff; but it appears that he has complied with all the proceedings essential for the issue of such a patent. He is therefore the equitable owner of the mining ground, and the government holds the premises in trust for him to be delivered upon the payments specified. We accordingly treat him, in so far as the questions involved in this case are concerned, as though the patent had been delivered to him. Being entitled to it, he has a right to ask a determination of any claim asserted against his possession which may throw doubt upon his title.

When it can be said that a lode or vein is known to exist in a placer mining claim within the meaning of section 2333 of the Revised Statutes, was considered to some extent in *Reynolds* v. *Iron Silver Mining Co.*, 116 U. S. 687, and *Iron Silver Mining Co.* v. *Reynolds*, 124 U. S. 374, and, also, in *Noyes* v. *Mantle*, 127 U. S. 348, 353, and some of the difficulties in giving an answer that would be applicable to all cases were there stated. In the present case no difficulty arises, for the question was left to the jury and decided by them. The court instructed them to the effect that if they believed that the premises were located by the grantors and predecessors in interest of the plaintiff as a placer mining claim in accordance with law, and they continued to hold the premises until conveyed to the plaintiff, and the plaintiff continued to hold them

up to the time of his application for a patent therefor, and at the time of such application there was no known lode or vein within the boundaries of the premises claimed, their verdict should be for the plaintiff.

The jury having found a general verdict for the plaintiff, must be deemed to have found that no such lode as claimed by the defendant existed when the application of the plaintiff for a patent was filed. We may also add, to what is thus concluded by the verdict, that there was no evidence of any lode existing within the boundaries of his claim, either when the plaintiff made his application or at any time before. The discovery by the defendant of the Dahl lode, two or three hundred feet outside of those boundaries, does not, as observed by the court below, create any presumption of the possession of a vein or lode within those boundaries, nor, we may add, that a vein or lode existed within them.

It is earnestly objected to the title of the plaintiff that he did not present any proof that the mining ground claimed by him was placer ground. It appeared that the ground had been surveyed and returned by the Surveyor General of Montana to the local land office as mineral land, and the defendant, in asserting the possession of a lode upon it admits its mineral character. That it was placer ground is conclusively established in this controversy, against the defendant, by the fact that no adverse claim was asserted by him to the plaintiff's application for a patent of the premises as such ground. That question is not now open to litigation by private parties seeking to avoid the effect of the plaintiff's proceedings.

Several questions presented by the plaintiff in error in his brief we do not notice, because they arise only upon the motion made by him for a new trial. The rulings upon such a motion are not open to consideration in this court.

*Judgment affirmed.*