### 318 P.2d 260

**Irving C. SWEET and Ruth I. Sweet, Plaintiffs-Appellees,**

**v.**

**N. F. RIVERS and Josephine M. Rivers, Intervenors-Appellants.**

**No. 6238.**

Supreme Court of New Mexico.

Nov. 21, 1957.

294

Edwin L. Felter, Santa Fe, for appellants.

H. J. Guthmann, Santa Fe, for appellees.

SADLER, Justice.

This proceeding represents an appeal from a judgment of the district court of Sante Fe County entered in plaintiff's favor in a suit to quiet title in which all defendants named in the complaint as filed defaulted and were so adjudged. However, seasonably, the present appellants, N. F. Rivers and Josephine Rivers, his wife, upon motion were granted leave to intervene and did so by filing their answer, following which they participated in said cause to its conclusion as adverse parties. Judgment having been rendered and entered against them, they prosecute this appeal for the revision and correction thereof.

In their answer defendants, or intervenors, advanced three primary defenses. First, they asserted the complaint failed to state a claim upon which relief could be granted. Next, the second defense was that of res adjudicata in which it was asserted the matters complained of in the complaint filed were barred by the final judgment in a previous quieting title suit, being cause No. 25,398, on the civil docket of the district court in Santa Fe County, wherein it was adjudged the only interest of the same plaintiffs in the premises in question was an undivided one-third interest under a Placer Mining Patent to the

deposits of mineral in the earth and sand or gravel on or near the surface of the earth. And, third, and finally, a general denial of any right in plaintiffs, other than the undivided one-third interest under Placer Mining Patent, as adjudicated in said cause No. 25,398.

Upon issue joined, and on December 2, 1955, the trial court, by order duly made and entered, denied intervenors' second defense of res adjudicata, with leave to them to renew the same at the trial of the cause upon its merits, in the event the evidence introduced at the trial should warrant the court's consideration of the same.

In due season, the cause came regularly on for trial when the parties produced evidence deemed material to their respective claims, following which the trial court filed in the cause its findings of fact and conclusions of law, as hereinabove recited. Since the findings and conclusions give a fairly accurate picture of what the case is all about and the issues of law and fact resolved at the trial, we reproduce the same here, as follows:

"Findings of Fact.

"1. That Plaintiffs are husband and wife and are residents of the County of Santa Fe, State of New Mexico.

"2. That the real estate herein involved is located in Sante Fe County, State of New Mexico, and is described as follows, to-wit:

"Lots Three and Four of Section 22, Township 14 North, Range 8 East, N. M.P.M., and Lots Four, Five, Six, Seven of Section Twenty-Seven, Township 14 North, Range 8 East, N.M.P. M., according to the Government survey and as appears on Tract Book Record of the United States Land Office, Santa Fe, New Mexico.

"3. That Plaintiffs herein filed their Complaint on May 19, 1955, praying that their title in and to the real estate described in said Complaint be quieted and set at rest as against the defendants named therein, and that Summons was duly issued by the Clerk of this Court on May 19, 1955, directed to the defendants named in Plaintiffs' Complaint.

"4. That copies of the Complaint filed herein and the Summons issued by the Clerk of this Court, were mailed to the defendants, Mrs. George Memmer and Lt. Cmdr. R. G. Herzberger, Jr., on May 19, 1955.

"5. That Notice of Pendency of Suit was duly issued by the Clerk of this Court notifying the defendants herein that Judgment and Decree by default would be entered against them unless they entered their appearance on or before July 8, 1955, and the said Notice of Pendency of Suit was duly published once each week for four (4)

consecutive weeks in the New Mexican, a newspaper of general circulation in the County of Santa Fe, State of New Mexico, the first publication having been made on May 24, 1955, second publication having been made on May 31, 1955, the third publication having been made on June 7, 1955, and the fourth and final publication having been made on June 14, 1955.

"6. That after the time for answering or otherwise pleading had passed as to all of the defendants named in Plaintiffs' Complaint, Irving C. Sweet, one of the Plaintiffs, filed his Affidavit Regarding Military Service, praying that an attorney be appointed to represent all defendants who were or might have been in the military service of the United States; the Court thereupon appointed David Chavez, Jr., a duly licensed and practicing attorney of this Court, to represent such defendants; and that the said David Chavez, Jr., has filed an answer on behalf of such defendants, if any there were, all in compliance with the Soldiers' and Sailors' Civil Relief Act, as amended [50 U.S.C.A. Appendix, § 501 et seq.].

"7. That none of the defendants named in Plaintiffs' Complaint have filed an Answer or other pleading, and all of said defendants are now in default.

"8. That on August 17, 1955, this Court entered its Order allowing N. F. Rivers and Josephine M. Rivers, his wife, to intervene in this cause and to answer Plaintiffs' Complaint, file Motions and pleadings, and to participate as intervenors as fully as though they had been originally made parties in said cause; and that the said Intervenors did, on August 17, 1955, file their Answer to Plaintiffs' Complaint and also file certain Legal Defenses.

"9. That N. F. Rivers and Josephine M. Rivers, his wife, are successors in interest of Clayton O'Dell and Mabel O'Dell, his wife, by virtue of a Warranty Deed (Joint Tenants) dated August 18, 1954, and filed for record December 9, 1954, and recorded in Book 76, Deeds, at page 365 of the Records of Santa Fe County, wherein the said Clayton O'Dell and the said Mabel O'Dell, his wife, were grantors and the said N. F. Rivers and Josephine M. Rivers, his wife, were Grantees, and the said real estate described in the Deed was the same as the real estate herein involved.

"10. That a Placer Location Certificate covering the real estate herein involved and dated May 18, 1904, was filed for record and recorded in Book 4, Location Notices, at page 151 of the Records of Santa Fe County, on May 19, 1904, by Will Christy, Rose Day

Christy, J. R. Nutt, E. S. Day, Charles H. Howland, Catherine H. Howland, Fannie C. Howland, and Nettie Christy; that on May 31, 1904, Rose Day Christy, S. S. Day, Catherine B. Howland, Fannie C. Howland, and Nettie Christy, by Mining Deed recorded in Book M-Mining, at page 195 of the Records of Santa Fe County on June 6 and 7, 1904, conveyed to Charles H. Howland and Will Christy, the property herein involved; and Mineral Entry 150 was entered on the Tract Book Records of the United States Land Office, Santa Fe, New Mexico, on July 12, 1905, and patent issued by the United States of America on March 23, 1906, to J. R. Nutt, Will Christy, and Charles H. Howland, covering the land herein involved.

"11. That by Quit Claim Deed dated April 22, 1952, filed for record May 8, 1952, and recorded in Book 64-Deeds, at page 423 of the Records of Santa Fe County, R. G. Herzberger, Jr., sole heir at law of Charles H. Howland and Clara Howland, conveyed whatever interest he had in and to the real estate involved, to Irving C. Sweet.

"12. That Plaintiff, Irving C. Sweet, has assessed the real estate herein involved in his name, with the proper officials of Santa Fe County, New Mexico, and has paid all taxes assessed against said property since 1942.

"13. That in cause numbered 25,398 on the civil docket of this Court, it was judicially determined by Decree entered on or about August 26, 1954, that Clayton O'Dell and Mabel O'Dell, predecessors of N. F. Rivers and Josephine M. Rivers, Intervenors herein, had no title in the property herein involved which would support a Decree quieting title, nor did they have any color of title necessary to establish title in them by adverse possession.

"14. That in cause numbered 25,-398 on the civil docket of this Court, it was judicially determined by Final Decree entered on or about August 26, 1954, that Irving C. Sweet was the owner of an undivided ⅛ interest to a Placer Mining patent covering the real estate involved herein.

"15. That by Quit Claim deed dated April 1, 1955, filed for record April 4, 1955, and recorded in Book 101, Miscellaneous Records of Santa Fe County at page 254, Mrs. George W. Memmer, sole heir at law of Will Christy and Rose Day Christy, conveyed to Irving C. Sweet, one of the Plaintiffs herein, her interest in and to the real estate herein involved.

"16. That Plaintiffs are in possession of or are entitled to possession of the real estate herein involved.

"17. That a Placer Mining patent is such an instrument of title as will justi-

fy the quieting of title in the owner thereof.

"18. That neither the Intervenors herein, N. F. Rivers and Josephine M. Rivers, his wife, nor any persons claiming by, through or under them have any right, title or interest in and to the real estate herein involved.

"Conclusions of Law

"1. That the Court has jurisdiction of the parties hereto and the subject matter herein.

"2. That none of the defendants or the Intervenors herein, or any persons claiming by, through or under them, have any right, title or interest in and to the real estate described in Plaintiffs' Complaint.

"3. That Plaintiffs are entitled to Decree quieting and setting at rest their title in and to the real estate described in Plaintiffs' Complaint, and that none of the intervenors herein, or any persons claiming by, through, or under any of them have any right, title, or interest in or to the said premises adverse to the Plaintiffs' fee simple title in and to the said real estate.

"S/ David W. Carmody
"District Judge"

It is from the judgment rendered in favor of the plaintiffs on the findings and conclusions announced that the appellants-intervenors prosecute this appeal. All defendants named as such in the original complaint were adjudged in default and, as to the appellants-intervenors in the case, the judgment went on to declare:

"It Is, Therefore, Ordered, Adjudged and Decreed that the defendants and each of them are in default for failure to appear or plead herein within the time allowed by law; that the Intervenors have no right, title or interest in or to the said real estate, and that the Plaintiffs, Irving C. Sweet and Ruth I. Sweet, his wife, are the owners in fee simple of the real estate involved in this action, being situate in Santa Fe County, New Mexico, and more particularly described as follows, to-wit:

"Lots Three and Four of Section 22, Township 14 North, Range 8 East, N.M.P.M., and Lots Four, Five, Six Seven, of Section Twenty-Seven, Township 14 North, Range 8 East, N.M.P.M., according to the Government survey and as appears on Tract Book Record of the United States Land Office, Santa Fe, New Mexico.

that no Defendant in the above entitled cause and neither of the Intervenors in the above entitled cause, has any right, title, interest, lien, lease, claim or demand whatsoever in, to or affecting said land, and that the title of said Plaintiffs in and to the real estate be,

and it hereby is quieted, established and forever set at rest, and the Defendants and Intervenors, and all persons claiming by, through or under them, be, and they hereby are barred and forever estopped from having or claiming any right, title, interest, lien, lease claim or demand whatsoever in, to or affecting said real estate, adverse to the estate of the Plaintiffs herein, to all of which Intervenors object and except.

"S/ David W. Carmody

"District Judge"

The former suit was one between these plaintiffs and the appellants-intervenors and their claimed predecessors in interest. As to these parties, the trial court expressly found that none of them, then or ever, had any record interest in said lands, or interest of any kind that would support a decree quieting title in them. They were denied any such relief. Indeed, an examination of the record and files in this and the former suit are satisfying that the appellants-intervenors took deeds from grantors and predecessors in interest who were wholly disconnected with the title to the premises involved in any fashion. Accordingly, all efforts on their part to establish a record title failed. They were equally unfortunate in their efforts to establish title by adverse possession since they could produce no instrument in writing furnishing color of title.

It does appear that the plaintiffs had paid taxes on the premises for the years 1942 to 1954, inclusive. Furthermore, subsequently to the decree in the former case, the plaintiffs-appellees acquired by deed an outstanding undivided one-third interest in and to the Placer Mining Patent involved by quitclaim deed from Mrs. George W. Memmer, the sole surviving heir of one of the original patentees. This left outstanding the undivided one-third interest of J. R. Nutt in the Placer Mining Patent, as to whom a default decree was entered in this case by an interlocutory order, and in the final decree as well, from which this appeal is prosecuted. No appearance of any kind has been made in the case by or on behalf of the said J. R. Nutt.

We think the final judgment of the trial court in so far as it quiets title in the plaintiffs to the premises described in the Placer Mining Patent must be affirmed. The appellants-intervenors predicate their entire challenge to the correctness of the judgment reviewed upon the proposition that the patent in this case fails to grant title to the surface. In other words, they contend that the surface had been segregated from the mineral content of the land and that all the plaintiffs were able to show was title to the mineral estate. They cite various authorities dealing with patents to agricultural lands as authority to support their claim.

In McKnight v. El Paso Brick Co., 16 N.M. 721, 120 P. 694, 698, 233 U.S. 250, 34 S.Ct. 498, 500, 58 L.Ed. 943, the Territorial Supreme Court dealt with a placer mining patent and its effect. The territorial court in its opinion, among other things, said:

"There can be no doubt but that a final receipt of mineral lands issued upon a valid application for patent vests the purchaser with an equitable title to the land and segregates it from the public domain."

In that case as in this, counsel were placing great reliance on rules applicable to patents for agricultural lands. And, if what the court said as to the effect of final receipt be true, how much stronger the application of the observation to the patent itself toward which the final receipt is the last step. Touching the application by analogy of patents to agricultural lands, the Court said:

"It will not require a great deal of reflection to determine that the rule and practice of the Land Department with respect to agricultural lands claimed by appellant to control in this case by analogy are not applicable to applications for mineral patents. The application for a patent to mineral lands differs from an entry of agricultural lands in many respects, among others in that the applicant for a mineral patent must have a valid location. The application for patent is not necessary to vest in the claimant title to the claim he possesses. A valid location on the ground followed by recordation of notice of location in the office of the probate clerk of the county in which the claim is situated and compliance with the law as to annual labor are in themselves sufficient to vest in the locator title to the mining claim. He can hold it forever as long as he performs the necessary annual labor. * * *"

The Supreme Court of the United States, in reviewing the judgment of the New Mexico Territorial Supreme Court in this case, reversed and remanded the judgment for further proceedings not inconsistent with its opinion. What it said, however, is in no respect contrary to the pronouncements of the territorial court so far as they pertain to the point at issue. Among other things, our nation's highest Court, said:

"1. Locators of mining claims have the exclusive right of possession of all the surface included within the exterior limits of their claims so long as they make the improvements or do the annual assessment work required by the Revised Statutes, § 2324, U.S.Comp. Stat.1901, p. 1426 [30 U.S.C.A. § 28]. The law, however, provides (Rev.Stat. §§ 2325, 2333, U.S.Comp.Stat.1901, pp. 1429, 1433 [30 U.S.C.A. §§ 29, 37]) a means by which the locator can pay

the purchase price fixed by statute and convert the defeasible possessory title into a fee simple. * * *

"2. In the present case the Brick Company's application for a patent was filed, each of the several forms of notice required by statute was given, no adverse claim was filed, the purchase price was paid to the government, and a final receipt was issued by the local land office. The entry by the local land officer issuing the final receipt was in the nature of a judgment *in rem* (Wight v. Dubois, [C.C.] 21 F. 693), and determined that the Brick Company's original locations were valid, and that everything necessary to keep them in force, including the annual assessment work, had been done. It also adjudicated that no adverse claim existed and that the Brick Company was entitled to a patent.

"From that date, and until the entry was lawfully canceled, the Brick Company was in possession under an equitable title, and to be treated as 'though the patent had been delivered to' it. Dahl v. Raunheim, 132 U.S. [260] 262, 10 S.Ct. 74, 33 L.Ed. 325, 16 Mor.Min. Rep. 214. And, when McKnight instituted possessory proceedings against the Brick Company, the latter was entitled to a judgment in its favor when it produced that final receipt as proof that it was entitled to a patent and to the corresponding right of an owner."

We quote from 36 Am.Jur. 371, § 124, where it is said:

"A patent for a placer claim passes to the holder the legal title not only to the surface and to all placers thereunder, but also to any known veins specifically applied for and all unknown veins thereafter discovered."

See, also, 58 C.J.S. Mines and Minerals § 110, p. 166.

We think the trial court correctly ruled that the plaintiffs, in possession of a patent under a placer mining location to the lands in question, were entitled to have a decree quieting their title to said lands as against the appellants-intervenors. The judgment of the trial court is free from error and should be affirmed.

It is so ordered.

LUJAN, C. J., McGHEE and COMPTON, JJ., and D. A. MACPHERSON, District Judge, concur.